The State, ex rel. Marsh et al., v. O'Day.

THE STATE, EX REL. MARSH ET AL., v. O'DAY.

1. **Practice in Supreme Court:** COMPLETE RECORD PRESENTED INSTEAD OF ABSTRACT: SUBMISSION SET ASIDE WITH LEAVE TO FILE PROPER ABSTRACT. The record presented by appellants in this case not being an *abstract*, as required by the rules of the court, but a complete record, including the evidence by questions and answers, much of which is useless for the purpose of considering the errors assigned, the submission is set aside, with leave to appellants to file a proper abstract within ninety days; in default of which, appellee may move for affirmance on the ground of failure to prosecute the appeal.

*Appeal from Bremer District Court.*

MONDAY, DECEMBER 21.

THE object of this action is to determine whether the defendant is entitled to hold the office of school director. Trial by jury, and judgment for the defendant. The relators appeal.

*M. E. Billings*, for appellants.

*Gibson & Dawson*, for appellee.

SEEVERS, J.—Counsel for the defendant insists that no proper abstract has been filed. The rules of this court provide that all causes shall be presented upon printed abstracts. That is to say, such portions of the record in the court below shall be printed and filed as will enable this court to determine the questions argued by counsel. More than this is useless. The rules of this court in this respect, under the statute, have the force and effect of laws duly enacted. They cannot be regarded as a matter of mere form, and, until abrogated, must be substantially, at least, obeyed in the preparation of abstracts. The record presented by appellants in this case states that it is a "complete record," and then follow 190 printed pages of what purports to be the evidence introduced on the trial; the larger part of which consists of the testimony of witnesses, and it is stated in the form of

questions and answers. No abstract whatever seems to have been made. The errors assigned are—*First*, the court erred in "ruling that fraudulent procurement of illegal voters by defendant to vote for him, and the administering by defend·. ant to a challenged voter an illegal and improper oath, is not material to the issue;" *second*, "in refusing to permit the state to prove by several witnesses the procurement by defendant of illegal voters to vote for him;" *third*, "in giving three specified instructions;" *fourth*, "in admitting hearsay evidence tending to show that certain specified persons were legal voters;" *fifth*, in not instructing the jury that the election at which the defendant claims to have been elected was null and void for certain stated reasons; *sixth*, in overruling plaintiff's motion for a new trial; *seventh*, in rendering judgment for the defendant.

Some of these assignments have been abbreviated by us, but not so much so as to alter or change their meaning. The motion for a new trial states eleven grounds why it should be sustained. The last two assignments of error are not sufficiently specific, and they would be disregarded if the case was before us on such an abstract as is required by the rules of this court. It is quite apparent that the whole evidence is not required in order to enable this court to determine the questions presented by the remaining errors assigned. Much the greater part of what purports to be the abstract is wholly unnecessary and useless. We have each, on a separate examination of what purports to be the abstract, reached the conclusion that the objections made by counsel for the appellee are well taken. It is therefore ordered that the submission of this case be set aside, and appellants have leave to file an abstract within ninety days after the filing of this opinion, and that the cause stand for argument at the next Dubuque term. If no abstract is filed by the time above stated, the defendant may move the court for an affirmance on the ground of failure to prosecute the appeal.

AFFIRMED.