Seekell v. Norman.

SEEKELL v. NORMAN *et al.*

Appeal: PROLIX ABSTRACT STRICKEN FROM FILES. The rules of this court require that the abstract show only so much of the record as is necessary to determine the questions presented by the appeal. While the abstract in this case is not objectionable for the manner in which it presents the testimony of the witnesses, it violates the rule in setting out in full, and sometimes twice, the pleadings, exhibits and written evidence, and it is therefore stricken from the files, and appellant is allowed sixty days in which to file an abstract in conformity with the rules, in default of which the appellee may move for an affirmance of the judgment.

*Appeal from Harrison District Court.*—HON. C. H. LEWIS, Judge.

FILED, DECEMBER 20, 1888.

THIS is an action at law upon three promissory notes. There was a trial by jury, and a verdict and judgment for the defendants. Plaintiff appeals.

*John A. Berry,* for appellant.

*S. H. Cochran, H. H. Roadifer* and *J. W. Barnhart,* for appellees.

ROTHROCK, J.—The defendants admitted the execution of the notes, and set up in defense that the entire consideration therefor was usurious interest, which they had contracted to pay upon certain other notes which had been fully paid. The plaintiff was an indorsee of the notes, and she set up in her reply that defendants were estopped from setting up the defense of usury, because the defendant Norman, the principal maker, had stated to plaintiff, before she purchased the notes, that they were all right, and would be paid. In presenting the appeal to this court, the plaintiff prepared an abstract of some eighty-five pages. The defendants filed a motion to strike the abstract from the files, because it is made up in total disregard of the rules of this court. This motion was submitted with the case, and we are required to determine it. We think it must be sustained. Instead of being an abstract of the pleadings and evidence, it appears to be a mere copy of the transcript, so far, at least, as the pleadings and written evidence are involved. We do not think that the objection to the testimony of the witnesses is well taken. There were five witnesses examined on the trial, and their testimony is abstracted in twenty-three pages. Some thirty-six pages are made up of pleadings and written evidence, consisting of promissory notes, written contracts, deeds and mortgages. These are set out in full, and several of them are printed twice. The notes are set out at length, including the attorneys' fee clause, and the acknowledgments to deeds are set out in full. A contract which covers nearly three pages of the abstract is printed twice, at length. There is no case where it is necessary to set out deeds and mortgages in full as an abstract. It is enough to state that such an instrument in the usual form was introduced in evidence, giving the substance only of what is material to the questions in the case. We cannot do less than sustain the motion, if we are to adhere to the rules requiring cases to be abstracted ; and we are compelled to require a substantial compliance with the rules, owing to the

increasing business of this court. We ought not to be required to examine any part of the record made in the court below, excepting that which is necessary to determine the questions presented by the appeal. The motion will be sustained, and the abstract will be stricken from the files at appellant's cost, the submission will be set aside, and she will be allowed sixty days from the filing of this opinion to file a proper abstract. We do not hold that the testimony of the witnesses is not properly abstracted. But the exhibits and written evidence and pleadings are presented to us in such a manner that we cannot, under the rules, consider them. See *State v. O' Day*, 68 Iowa, 213. If no proper abstract be filed within the time above named, the appellee may move for an affirmance of the judgment.

MOTION SUSTAINED.