JOHN STARBIRD *vs.* DAVID BROWN.

Androscoggin.    Opinion February 3, 1892.

*Statute, — repeal by implication. Lewiston Municipal Court. Actions, when returnable. R. S., c. 83, § 7; Special Laws, 1871, c. 636; 1872, c. 177; Stat. 1876, c. 138.*

The general provision of the R. S., (c. 83, § 7,) which provides that writs in civil actions before any municipal or police court may be made returnable at any term thereof, to be held not less than seven nor more than sixty days from their date, applies to the municipal court for the city of Lewiston, although that court was created by special act before the general law was. passed and the two acts conflict with each other.

The test whether one statute effects the repeal of another by implication is, does the subsequent act become so directly and positively repugnant to the former act, that the two cannot consistently stand together.

ON EXCEPTIONS.

This was an action of trespass entered in the Lewiston Municipal Court.   The writ was sued out and served on the twenty-

sixth day of June, 1891, and made returnable to the September term of that court. The defendant duly filed a motion to dismiss the writ because it was made returnable to a term of said court more than sixty days from the day of the suing out of said writ and the date thereof.

The presiding judge sustained the motion to dismiss, as a matter of law, and the plaintiff excepted to the decision.

The bill of exceptions was certified to the Chief Justice for the decision of the law court.

*McGillicuddy and Morey*, for plaintiff.

What was the intention of the legislature in reference to this matter? Here is a court they had established. The salary of the judge is fifteen hundred dollars per year. The court has a clerk, a crier, a seal, and is one at which a vast amount of work is done. If the defendant's claim is correct, by this general act the legislature made it impossible for this court to act during a portion of the year. A great majority of the civil suits are brought with trustee process and generally one of the corporations is the trustee. The trustee, if a corporation, must have thirty days' notice. Any time after the first Tuesday of June suppose it is desired to trustee a person working for a corporation. It is impossible to do so during the remainder of the month of June for the reason that, there being no term of court during the month of August, and it being necessary to give a corporation thirty days' notice, the writ during that time must be made returnable at a term of court more than sixty days from the date of the writ. Are the citizens of Lewiston to be deprived of one month in the year in which to collect their bills or seek redress for their wrongs at the Municipal Court? Such a construction as claimed would be contrary to the manifest intention of the legislature.

Counsel cited: *State* v. *Cleland*, 68 Maine, 258; *Allen* v. *Somers*, *Id.* 247.

*White and Carter*, for defendant.

PETERS, C. J. The Municipal Court for the city of Lewiston was created by special act in 1871. See ch. 636, Special

Laws of that year.   Section four of the act provides that a term of the court shall be held on the first Tuesday of each month, and all writs be made returnable to one of the two terms to be begun or held next after the commencement of the action.   By ch. 177 of Private and Special Laws of 1872, the original act was amended by excepting the month of August from the list of terms of court.

In 1876 an act was passed (ch. 138, Public Laws 1876,) incorporated in the revised statutes of 1883 (R. S., ch. 83, § 7,) providing that writs in civil actions before any municipal or police court may be made returnable at any term thereof, to be held not less that seven nor more than sixty days from their date.

The present action was made returnable to a term more than sixty days from the date of the writ, and for that reason was, upon motion of the defendant seasonably made, dismissed.

The question, therefore, is whether the later general or the earlier private act governs the decision of the case.   Is or not the special act amended by the general act so as to become conformable thereto ?   We think it is.

It is not always easy to decide questions of this kind, and for that reason cases are to be found near to the dividing line on either side of it.   But the precedents are numerous in support of a general rule which is applicable when it is claimed that one statute effects the repeal of another by necessary implication.

The test is whether a subsequent legislative act is so directly and positively repugnant to the former act, that the two cannot consistently stand together.   Is the repugnancy so great that the legislative intent to amend or repeal is evident?   Can the new law and the old law be each efficacious in its own sphere ? *Brown* v. *City of Lowell*, 8   Met. 172 ; Bou. Law Dic. Statute.

It is reasonably certain that the design of the general statute, invoked in the present case, was to secure uniformity of practice in the matter of serving writs returnable to police and municipal courts, and to prevent mistakes that are occasioned by too long a period lapsing between the service and return day of a writ. There was just as much purpose for including within the act the

Lewiston municipal court as any other municipal court. All of that grade of courts are created by special acts, and any one of them is as much entitled to an exemption from the operation of the later general act as any other. It applies to none or to all. Applying to any one it applies to all. The act is in its effect special as to any one court, and general as to all such courts.

The plaintiff's counsel insists that this construction might interfere with the usual procedure in that court for a little time each year, should it be necessary to sue a corporation by a writ returnable to the September term. That dilemma is caused by absence of an August term, and can be prevented by further legislative amendment. But the practical consequences cannot be much even if the act is left as it is.

The plaintiff invokes the case of *State* v. *Cleland*, 68 Maine, 258, as supporting his position. That was a close and doubtful case, as is evidenced by the fact that three members of the court united in a dissenting opinion. There is, however, this marked difference between that case and this. In that, the question was whether a general act should have general or only partial application. In this, the question is whether a general act shall have any application or not.

*Exceptions overruled.*

WALTON, VIRGIN, EMERY, FOSTER and HASKELL, JJ., concurred.