STATE OF MAINE

*vs.*

CHARLES J. FREDERICKSON.

SAME *vs.* SAME, Applt.

Cumberland.     Opinion December 27, 1905.

*Intoxicating Liquors.   Cider.   Nuisance.   Statutory Construction.   Constitutional
Law.   R. S., c. 22, § 1; c. 29, § 40.   Constitution of Maine, Art. I.
Constitution of U. S., XIVth Amendment.*

1.  It is well settled both by the decisions and by the rules of statutory con-
    struction that the enumeration of liquors, declared to be intoxicating, con-
    tained in section 40 of chapter 29 of the Revised Statutes is referred to by
    and was intended to include the words intoxicating liquors as used in sec-
    tion one of chapter 22 of the Revised Statutes.

2.  Section 40 of chapter 29, R. S., declares that wine, ale, porter, strong beer,
    lager beer or other malt liquors and cider when kept and deposited with
    intent to sell the same for tippling purposes, or as a beverage, as well as
    distilled spirits, are declared intoxicating within the meaning of this chap-
    ter.  *Held:*  that the enumeration of liquors declared to be intoxicating
    and contained in said section 40, was intended to include and does include
    cider when it is kept and deposited with the intent to sell the same for
    tippling purposes, or as a beverage, even though such cider may be unfer-
    mented and non-intoxicating in fact.

3.  The constitutional right of the legislature to regulate or prohibit the sale
    and keeping of intoxicating liquors and to declare certain liquors intoxi-
    cating within the meaning of the law governing intoxicating liquors irre-
    spective of the intoxicating character of such liquors as a matter of fact,
    both under the state and Federal constitutions, have been so universally
    answered in the affirmative, both by the decisions in our own state and by
    the Supreme Court of the United States, that it is no longer a question for
    argument or even of doubt.

On exceptions by defendant.   Overruled.

The defendant was indicted in the Superior Court, Cumberland
County, May term, 1905, for keeping and maintaining a liquor
nuisance.   The agreed statement of facts shows that the defendant
" during the period covered by the indictment, was a citizen of the

United States and a licensed victualer and kept a restaurant on India Street in Portland in said County of Cumberland, and was accustomed to keep in his restaurant, cider with intent to sell the same as a beverage, and that frequently during that period he there sold cider to be drank on the premises, and the same was so there sold and drank, but said cider was unfermented and non-intoxicating in fact. "

At the trial on this indictment, the defendant requested the presiding Justice to give the following rulings as matter of law :

1. "If the respondent kept and maintained a place used for the sale, or keeping for sale for tippling purposes, or as a beverage, of cider, and where cider was kept and deposited with intent to sell the same for tippling purposes or as a beverage, he would not be guilty of maintaining a nuisance under the provisions of section one and two, chapter twenty-two of the Revised Statutes, unless such cider was in fact intoxicating, and the keeping and maintaining of such place used for the sale or for selling of unfermented, non-intoxicating cider only, would not constitute the crime of keeping and maintaining a nuisance.

2. "If the provision of section one and two of chapter twenty-two of the Revised Statutes are construed to apply to places or tenements where unfermented, non-intoxicating cider only is kept or deposited with intent to sell the same for tippling purposes or as a beverage they are to that extent null and void, because they are in violation of section one, article one of the Declaration of Rights in the Constitution of Maine.

3. "If the provisions of section one and two of the Revised Statutes are intended to apply to places or tenements used for the sale or keeping for sale of unfermented, non-intoxicating cider only, for tippling purposes or as a beverage, or in which unfermented non-intoxicating cider only is kept and deposited with intent to sell the same for tippling purposes or as a beverage, such provisions are in violation of the provisions of the fourteenth amendment to the Constitution of the United States and are therefore to that extent null and void."

These requested rulings were refused, and a verdict of guilty was returned, and thereupon the defendant excepted.

Also on the tenth day of April, 1905, the defendant was arrested on a warrant issued by the Portland Municipal Court which alleged that the defendant "on the ninth day of April, A. D. 1905, at said Portland, unlawfully did have in his possession a certain quantity of intoxicating liquor, to wit: two hundred and forty-six quarts of cider, kept and deposited with intent to sell the same for tippling purposes and as a beverage, with intent that the same be sold in this state in violation of law," etc. The defendant was found guilty by the Municipal Court as alleged in the warrant, and thereupon he appealed to the Superior Court. The material facts in this case are the same as in the above stated nuisance case. At the trial in the Superior Court substantially the same instructions varied to suit the form of the proceeding were requested and refused as in the nuisance case, and the defendant was found guilty, and the defendant excepted.

The case also appears in the opinion.

*William C. Eaton,* County Attorney, for the state.

*M. P. Frank,* for defendant.

SITTING: EMERY, SAVAGE, POWERS, PEABODY, SPEAR, JJ.

SPEAR, J. This case covers two actions, one involving a complaint for keeping a tippling shop and the other an indictment for maintaining a common nuisance. Both the complaint and the indictment are based upon the same state of facts, wherein it is admitted that the respondent during the period covered by the complaint and the indictment was a citizen of the United States and a licensed victualer and kept a restaurant on India Street in Portland in the county of Cumberland and was accustomed to keep in his restaurant cider, with intent to sell the same as a beverage and for tippling purposes, and that frequently during that period he there sold cider to be drank on the premises, and the same was so there sold and drank, but said cider was unfermented and non-intoxicating in fact.

With respect to the complaint the defendant requested the instruction that section 40 of chapter 29 of the Revised Statutes did not apply to unfermented, non-intoxicating cider and that the having of

such cider on deposit with intent to sell the same as a beverage and for tippling purposes constitued no offense. Also if it should be found that section 40 did apply to the keeping and sale of such cider, imposing penalities of fine and imprisonment for the violation thereof, its provisions are contrary to and in violation of section 1, article 1, of the Declaration of Rights in the Constitution of Maine and of the fourteenth amendment of the Constitution of the United States, and to that extent are null and void.

With respect to the nuisance indictment, the defendant requested the instruction that if the respondent kept and maintained a place used for the sale or keeping for sale for tippling purposes or as a beverage, of cider, and where cider was kept and deposited with intent to sell the same for tippling purposes or as a beverage, he would not be guilty of maintaining a nuisance under provisions of sections 1 and 2, chapter 22 of the Revised Statutes, unless such cider was in fact intoxicating, and that the keeping and maintaining of such place used for the sale or keeping for sale or for selling of unfermented non-intoxicating cider only, would not constitute the crime of keeping and maintaining a nuisance. The other requested instruction raised the same constitutional questions involved in the instruction with reference to the complaint.

The two cases can be construed together inasmuch as if it is held that the enumeration of intoxicating liquors specified in section 40 of chapter 29, R. S., does not apply to the intoxicating liquors referred to in sections 1 and 2, chapter 22, R. S., then that is the end of the nuisance case and the exceptions must be sustained. If on the other hand it is held that said enumeration does apply, then the two cases with respect to all the points raised fall within the same category and involve the simple questions, whether the keeping and selling of unfermented non-intoxicating cider as a beverage and for tippling purposes is inhibited by chapter 29, and if so inhibited if said chapter is constitutional.

We will therefore determine first whether the enumeration of intoxicating liquors found in section 40, chapter 29 shall be held to define the meaning of the words "intoxicating liquors," as used in sections 1 and 2, chapter 22, relating to nuisances. To determine

this proposition, we assume, arguendo, that unfermented, non-intoxicating cider, kept for sale and sold as a beverage and for tippling purposes, comes within the above enumeration of liquors classed as intoxicating. The question raised by this exception whether such cider does as a matter of law come within the purview of section 40, will be discussed later.

The proposition before us has been lately considered and we think fully settled in the recent case of *State* v. *O'Connell*, 99 Maine, 61. Like the case at bar, it arose under an indictment for maintaining a nuisance. The respondent was indicted for selling uno beer, a malt liquor. The question involved in the trial and under the exceptions, was not whether this beer was in fact intoxicating but, regardless of this fact, whether it came within one of the classes of liquors denominated intoxicating under section 40, chapter 29.

The court by necessary implication squarely held that, although one of the indictments was under chapter 17, R. S. 1883, now chapter 22, the question of whether the liquor was to be regarded as intoxicating was to be determined by reference to chapter 27 R. S. 1883, now chapter 29. In deciding the character of the liquor the opinion says: "Revised Statutes 1883, chapter 27, section 33, amounts to a prohibition of the sale of malt liquor." But malt liquor is not mentioned under chapter 17, yet being classed as intoxicating under chapter 27, it was held to be intoxicating under chapter 17.

But under the established rules of construction the two sections of the statutes should be construed together. Both sections are part of the same body of revised laws. We see no good reason why chapters of the same statute should not be construed with reference to each other as well as sections of the same chapter. Chief Justice Shaw in *Com.* v. *Goding*, 3 Met. 130, says: "In construing the Revised Statutes, we are to bear in mind that the whole were enacted at one and the same time, and constitute one act; and then the rule applies, that in construing one part of a statute, we are to resort to every other part to ascertain the true meaning of the legislature in each particular provision. This rule is peculiarly applicable to the Revised Statutes in which, for the convenience of analysis, and classification of subjects, provisions are sometimes widely separated from each

other in the code, which have so immediate a connection with each other, that it is quite necessary to consider the one, in order to arrive at the true exposition of the other."

The suggestion in the above quotation that "the whole were passed at one and the same time" was not intended we apprehend to in any degree limit the rule of comparing statutes, whenever enacted, in pari materia, a principle well established by our own as well as other courts. *Gould* v. *B. & P. R. R.*, 82 Maine, 126; *Cotton* v. *W. W. & F. R. R. Co.*, 98 Maine, 511; *Com.* v. *Sylvester*, 13 Allen, 247.

Black on Interpretation of Laws, page 6, in discussing this principle says: "The phrase 'statute in pari materia' is applicable to private statutes or general laws made at different times, and in reference to the same subjects. . . . . So, also, all the laws of the state, whenever passed, relating to the subject of the regulation of the liquor traffic, are in pari materia."

*Commonwealth* v. *Shea*, 14 Gray, 386, is a case precisely analogous in principle to the phase of the case now under consideration, and declares that "the provisions of St. 1855, c. 405, sec. 1, by which 'all buildings, places or tenements used for the illegal sale or keeping of intoxicating liquors are declared to be common nuisances, and are to be regarded and treated as such,' is to be construed by reference to the St. of 1855, c. 215, in pari materia, to which it is necessary to refer in order to ascertain what intoxicating liquors it is illegal to sell; and the first section of which declares that "ale, porter, strong beer, lager beer, cider and all wines, shall be considered intoxicating liquors within the meaning of this act. Proof of sales of cider was therefore competent in support of this indictment."

*State* v. *Hughes*, 16 R. I. 405, is a case also directly in point, and holds that statutes, although enacted at different times, if they have a common object and are parts of one system for the punishment of illegal selling and keeping of liquors, are to be construed together. See also *United States* v. *Freeman*, 44 U. S. 556; *Luiton's Appeal*, 104 Pa. 226; *United Soc.* v. *Eagle Bank*, 7 Conn. 456; *State* v. *Gerhardt*, 145 Ind. 439.

Our conclusion is that the proposition is well settled both by the

decisions and by the rules of statutory construction that the enumeration of liquors, declared to be intoxicating, contained in section 40 of chapter 29 of the Revised Statutes is referred to by and was intended to include the words "intoxicating liquors" as used in section 1 of chapter 22 of the Revised Statutes. It is therefore manifest that if unfermented and non-intoxicating cider is found to be an intoxicating liquor within the definition laid down in section 40, chapter 29, it is also an intoxicating liquor within the meaning of sections 1 and 2 of chapter 22, and if kept for sale and sold in violation of said sections, the premises where so kept would be subject to indictment as a nuisance.

This brings us to the consideration of the second proposition, whether the enumeration of liquors, declared to be intoxicating, contained in section 40 of chapter 29, was intended to include cider which is kept and deposited with intent to sell the same for tippling purposes or as a beverage, which is unfermented and non-intoxicating in fact. If it is found to be so included, then both the complaint and indictment are sustainable unless it appears that section 40, with respect to the kind of cider herein specified, is in contravention of the state or Federal constitutions. Section 40 declares that "wine ale, porter, strong beer, lager beer or other malt liquors and cider when kept and deposited with intent to sell the same for tippling purposes, or as a beverage, as well as distilled spirits, are declared intoxicating within the meaning of this chapter." The liquors above enumerated are declared intoxicating by law.

In determining whether or not a liquor is to be regarded as intoxicating under this enumeration it is entirely immaterial whether it is intoxicating in fact. As was well said in *State* v. *O'Connell,* "It is not for the jury to revise the judgment of the legislature and determine whether liquor is or is not in fact intoxicating." When it appears that a liquor comes within the scope of the forbidden enumeration, that moment its intoxicating character becomes fixed by law and its non-intoxicating character, as a matter of fact, becomes entirely immaterial with respect to the application of the statute. *State* v. *Piche,* 98 Maine, 348; *State* v. *O'Connell,* 99 Maine, 61; *Com.* v. *Blos,* 116 Mass. 56; *Com.* v. *Anthes,* 12 Gray, 29; *Com.* v. *Brelsford,*

161 Mass. 61; *Com.* v. *Snow*, 133 Mass. 575; *State* v. *Intoxicating Liquors*, 76 Ia. 243; *State* v. *Guiness*, 16 R. S., 401.

Does unfermented, non-intoxicating cider fall within the above rule? Unless we read into the statute, enumerating the kinds of prohibited liquors, some adjective modifying the word cider, that shall have the effect of differentiating between intoxicating and non-intoxicating cider, then it is evident that both cases at bar come, by the express terms of the statement of facts, within the prohibition of the respective statutes under which they are brought.

We do not feel authorized to modify the statutes by the interpolation of any such adjective. It is not the province of the court to legislate. Had the legislature, during all the years that the prohibitory statutes have been upon the books, intended that any differentiation should be made with respect to new and old cider they unquestionably would have seen that it was effectuated by proper legislation. A moment's reflection will readily suggest that such legislation has been witheld advisedly. Unfermented, non-intoxicating cider by the simple lapse of time becomes intoxicating. There is a dividing line somewhere in the course of time over which the same cask of cider, in the process of fermentation, passes from a non-intoxicating to an intoxicating liquor. But where? To locate this line is to nullify the statute. Hence the absence of legislation. This view is sustained not only by reason but by authority.

*State* v. *Spaulding*, 61 Vt. 505, is precisely in point. It involved the construction of a statute which provides that "no person shall sell or furnish cider or unfermented liquor at or in a victualling house, tavern, grocery shop, cellar or other place of public resort." The point raised in this case is identical with that raised in the cases before us. The court say: "The only prohibition as to cider is at the places specified in the sixth paragraph, but not there or anywhere in the statute is there any word qualifying the kind of cider prohibited at such places. The term used is "cider." It is said that the juice of apples is not cider until it is fermented. This is perhaps technically correct, but not in popular understanding. The apple juice when it comes from the cider press, is immediately and universally called "cider" by the people generally. The term should be

construed according to such universal use and understanding.    Presumably no class of men understand better the difference between sweet and sour or new and old cider than our legislators, because they are mostly farmers who make the cider, and those who are not living in the cider producing state could hardly claim ignorance on so familiar a subject; yet in their prohibitory enactment they ignore all distinction, and simply say cider.    The prohibition is limited to certain specified places, and such as indicate an intent only to prevent cider selling and drinking at public resorts, not to interfere with the manufacturer who does not make his establishment a public resort for drinking purposes like the saloon.    It is well known, also, that the fermentation of cider, and the change from sweet to sour, so as to become more or less alcoholic, greatly varies,— sometimes being very rapid, at other times very slow.    It would be practically impossible to prove whether a particular mug of cider that had been drank was intoxicating, and to require it would therefore render the statute nugatory.    In view of all these facts, we think it would be more likely carrying out the legislator's intent to construe the enactment according to its plain and common meaning rather than to interpolate qualifying terms, and hold that the legislature meant something different from what it said.    We therefore hold that the prohibition as to the places named is absolute, regardless of the stage of fermentation or the intoxicating quality of the cider."

Our conclusion is that the enumeration of liquors declared to be intoxicating and contained in section 40 of chapter 29, R. S., was intended to include and does include cider when it is kept and deposited with intent to sell the same for tippling purposes or as a beverage, even though such cider may be unfermented and non-intoxicating in fact.

The third question raised by the exceptions is whether section 40 with respect to cider that is unfermented and non-intoxicating in fact is in violation of section 1 of article 1 of the Constitution of the State of Maine.    This involves the consideration of, first, the constitutional right of the legislature to regulate or prohibit the sale and keeping of intoxicating liquors; and second, the constitutional right of the legislature to declare certain liquors intoxicating within the

meaning of the law governing intoxicating liquors, irrespective of the intoxicating character of such liquors as a matter of fact.

Both of these questions are so universally answered in the affirmative by the decisions in our own state and those of other states under similar constitutional provisions that it is no longer a question for argument or even of doubt. *Lunt's Case*, 6 Maine, 412; *Gray* v. *Kimball*, 42 Maine, 299; *State* v. *Miller*, 48 Maine, 576; *State* v. *O'Connell*, 99 Maine, 61; *State* v. *Roach*, 75 Maine, 123. There are also numerous cases in other states to the same effect.

The affirmative of the second question is equally well established. *State* v. *O'Connell*, 99 Maine, 61; *Com.* v. *Anthes*, 12 Gray, 29; *Com.* v. *Brelsford*, 161 Mass. 61; *State* v. *Guiness*, 16 R. I. 401; *State* v. *Gravelin*, 16 R. I. 407; *State* v. *Intoxicating Liquors*, 76 Ia. 234.

We now come to the last proposition raised by the exceptions and that is whether section 40 with respect to the sale of cider which is unfermented and non-intoxicating in fact is in violation of the Fourteenth Amendment to the Constitution of the United States. And here two questions must be considered; first, whether this provision of the Federal Constitution is violated by a state law regulating or prohibiting the sale and keeping for sale of intoxicating liquors, and second whether it is violated by a state law declaring certain liquors intoxicating, within the meaning of the law governing intoxicating liquors, irrespective of the intoxicating character of such liquors as a matter of fact. The answer to both these questions is that a state law regulating or prohibiting the selling or keeping for sale of intoxicating liquors is a legal exercise of police power, and is not in contravention of the Fourteenth Amendment to the Federal Constitution. This has been repeatedly held and can be no longer an open question. *United States* v. *Ronan*, 33 Fed. Rep. 120; *Re Hoover*, 30 Fed. 55; *Bartemeyer* v. *Iowa*, 85 U. S. 18 Wall, 129; *Kidd* v. *Pearson*, 126 U. S. 1; *Boston Beer Co.* v. *Massachusetts*, 97 U. S. 25; *Mugler* v. *Kansas*, 123 U. S. 655; *License Cases*, 46 U. S. *How.* 504; *Foster* v. *Kansas*, 112 U. S. 206; *Eilenbecker* v. *Plymouth County*, 134 U. S. 40.

                                      *Exceptions overruled.*