BENJAMIN A. GLOVSKY, APPELLANT
*from decree of*
STATE LIQUOR COMMISSION
Knox.    Opinion, December 5, 1950.

*Benjamin L. Berman,*
*David V. Berman,* for appellant.

*Jerome C. Burrows,* for appellee,
   City of Rockland Maine.

*Henry Heselton,* for appellee,
   State of Maine Liquor Commission.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ. (FELLOWS, J., and MERRILL, J., concur separately)

NULTY, J.   This case purports to be before the Law Court on appeal with a bill of exceptions based on a decree of the justice presiding at a term of the Superior Court for Knox County which decree involves the construction of portions of the P. L. of 1949, Chap. 419, amending R. S. (1944), Chap. 57, new Sec. 60-A.   The decree of the Superior Court dismissed the appeal (or petition for appeal) from the decision of the Maine State Liquor Commission on the ground that the Superior Court lacked jurisdiction.

It appears that Benjamin A. Glovsky of Rockland, "doing business as Windsor House," applied on January 27, 1950 for a hotel liquor license.   The application was submitted to the municipal officers of the City of Rockland for their approval.   On March 15, 1950, the municipal officers refused to approve the application, giving their reasons therefor.   From this decision of the municipal officers an appeal was taken to the State Liquor Commission under the second paragraph of Sec. 40 of Chap. 57, R. S. (1944).   The Commission, after notice and hearing, on April 11, 1950, denied this appeal from the municipal officers of Rockland, stating that "the municipal officers had justifiable cause to reach the decision which they did reach and that they did not act arbitrarily."

Within ten days from this decision of the State Liquor Commission, Benjamin A. Glovsky presented an appeal to the Superior Court under Chap. 419, Sec. 2 of the Laws of 1949, amending R. S. (1944), Chap. 57, new Sec. 60-A. This appeal to the Superior Court was dismissed by the Superior Court for lack of jurisdiction, and an appeal was taken to the Law Court.

The applicable statutes are as follows:

"Licenses for the sale of liquor to be consumed on the premises where sold may be issued to x x x bona fide hotels x x x on payment of the fees herein provided; subject, however, to the condition that the application therefor be approved by the municipal officers of the town or city in which such intended licensee, x x x is operating the same, x x x."

"Any applicant aggrieved by the refusal to approve an application as hereinbefore provided x x x may appeal to the commission, who shall hold a public hearing thereon in the town or city for which such license is requested and if it finds the refusal arbitrary or without justifiable cause, it may issue such license x x x notwithstanding the lack of such approval."

Revised Statutes (1944), Chapter 57, Section 40 as amended by Public Laws 1949, Chapter 419.

"If any person is aggrieved by the decision of the commission in revoking or suspending any license issued by the commission or by refusal of the commission to issue any license applied for, he may within 10 days thereafter appeal to any justice of the Superior Court, by presenting him a petition therefor x x x. Appeal to the Law Court x x x may be taken as in equity cases."

Revised Statutes (1944), Chapter 57, new Section 60-A as amended by Public Laws of 1949, Chapter 419.

The Commission is authorized

"To adopt rules, requirements, and regulations, not inconsistent with this chapter or other laws of the state, the observance of which shall be conditions precedent to the granting of any license to sell liquor, including malt liquor. These rules, requirements, and regulations may include the character of any applicant, the location of place of business and the manner in which it has been operated."

"To refuse to issue licenses to persons, corporations, associations, or partnerships who have been convicted, or whose officers have been convicted, of a breach of any state or federal law relating to the manufacture, sale, possession, or transportation of liquor within 5 years next prior to the filing of his or its application."

Revised Statutes (1944), Chapter 57, Section 6, Par. VII and IX as amended.

An application for a hotel license must be approved in the first instance by the municipal officers of a town or city before license may be issued. If, however, a refusal to approve by the municipal officers is arbitrary or without justifiable cause, the State Liquor Commission on appeal from the municipal officers may issue without the approval. It is when refusal is arbitrary or there is no justifiable cause, that the commission has authority to act against the decision of the municipal officers. Here, the municipal officers refused to approve, and on appeal from the municipal officers the commission found that the action of the municipal officers was not arbitrary and not without justifiable cause.

Prior to 1949 there was no appeal from the decision of the commission, but the new statute passed as Chap. 419 of the P. L. of 1949, and now known as R. S. (1944), Chap. 57, new Sec. 60-A, gives an aggrieved applicant a right to appeal "x x x from a refusal of the commission to issue any license applied for, x x x." Formerly, the only appeal was to the commission from the finding of the municipal officers, under R. S. (1944), Chap. 57, Sec. 40. This new Sec. 60-A, however, provides for an appeal from the decree of the commission (1) where a license issued by the commission is revoked or suspended and (2) where the commission refuses to issue "any license applied for."

There is no inherent or constitutional right to engage in the liquor traffic, and whether one shall be permitted to exercise the privilege and under what conditions and restrictions, is a matter for the people to determine, acting

by and through the legislature. *Opinion of the Justices,* 132 Me. 512, 517, 174 A. 853; *State* v. *Frederickson,* 101 Me. 37, 63 A. 535; *State* v. *Gurney,* 37 Me. 156, 161.

Under Chap. 57 of the R. S. (1944) the right to grant liquor licenses is given to the State Liquor Commission. The town or city has no authority to grant a license. The municipal officers can only approve or disapprove of an application to the commission for a license. If the municipal officers approve, the commission may then issue, unless the applicant has been convicted of a liquor offense within five years or some other statutory or reasonable regulation, such as character or location, prevents. If the municipal officers refuse to approve and the commission, on appeal, decides that they acted arbitrarily or had no justifiable cause to refuse, the commission may then issue or may for cause refuse to issue.

The question before this court raised by the attempted appeal to which petitioner asserts he is entitled under P. L. of 1949, Chap. 419, new Sec. 60-A amending R. S. (1944), Chap. 57, is whether or not petitioner can invoke the amended provisions hereinbefore quoted and found in said Chap. 419 of the P. L. of 1949. In other words, was it the legislative intent under the existing facts as stated in this case to grant an appeal from the decision of the commission to the Superior Court. It is not necessary to again quote the statute. In our opinion, inasmuch as the municipal officers of the City of Rockland refused to approve the application for a hotel liquor license and petitioner had prosecuted his appeal to the commission, the decision of the State Liquor Commission denying the appeal ends the matter. No further proceedings by appeal or otherwise could be taken by the applicant because the Legislature did not grant an appeal under such circumstances as set forth herein. There was before the State Liquor Commission not the question of refusing to issue a license but solely the question of whether or not the decision and findings of the

municipal officers were arbitrary and without justifiable cause. The decision of the State Liquor Commission upheld the decision and findings of the municipal officers and it would be unlawful and illegal for the State Liquor Commission to make a further decree and refuse to grant the license because under the statute there are only two ways in which a hotel liquor license may be granted (1) if the municipal officers approve, then the commission may issue a license, (2) if the municipal officers disapprove, the commission may, on appeal, after hearing, if they find that the municipal officers' refusal was arbitrary and without justifiable cause, issue a license. The State Liquor Commission can only issue a license in the two ways above set forth. In the instant case, as above stated, the commission did not find that the refusal of the municipal officers to approve the application for a license was either arbitrary or without justifiable cause, and, not having done so, was without authority to issue the license. The action of the State Liquor Commission could not, under these circumstances, be termed a refusal.

The action, therefore, of the Superior Court in dismissing the appeal was correct. It is not necessary to consider the exceptions as they are based on the dismissal of the appeal by the Superior Court and under our holding would be dismissed.

It, therefore, follows that the mandate should be:

*Appeal dismissed.*
*Exceptions overruled.*

FELLOWS, J. Even though the result reached in the opinion be correct, insofar as it states that because the commission is precluded from granting a license it would be "unlawful and illegal" for it to make a decree refusing one, we must disagree therewith. Approval by the municipal officers, or in the alternative a finding by the commission on

appeal to it that refusal of such appeal is "arbitrary or without justifiable cause," is a condition precedent to *granting of the license,* not to *action on the application.* Because an application cannot be granted, it by no means follows that it cannot be refused. If refused, no matter how imperative the cause therefor, an appeal lies from the refusal. This is true whether the refusal is express or by necessary implication. The *right of appeal* does not at all depend upon whether the appeal may be sustained.

In the instant case, however, even if a right of appeal exists, the appeal could not be sustained. To sustain either the appeal or exceptions would avail the petitioner nothing. He was not aggrieved by the ruling below. We concur in the result.