STATE of Maine

v.

Arthur J. BRYCE, Sr.

Supreme Judicial Court of Maine.

June 25, 1968.

John W. Benoit, Asst. Atty. Gen., Augusta, for appellant.

Paine & Cohen, by Errol K. Paine, Bangor, for appellee.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, MARDEN and WEATHERBEE, JJ.

WEBBER, Justice.

On appeal by the State of Maine from the dismissal of a complaint by the District Court, District III, Southern Penobscot on May 8, 1968. The complaint is in this form:

"STATE OF MAINE

Penobscot, SS

DISTRICT COURT
District Three
Division of Southern Penobscot
Criminal Docket No. 67–68–5028

STATE OF MAINE

v.

COMPLAINT FOR VIOLATION OF
Title 29 MRSA ¶ 1312

ARTHUR J. BRYCE, SR. of Clifton, County of Penobscot

RONALD M. VEILLEUX of Brewer, being duly sworn, deposes and says (upon information and belief).

That on or about the fourth day of May, 1968 in the Town of Eddington, County of Penobscot, and State of Maine, the above defendant Arthur J. Bryce, Sr. did operate a certain motor vehicle, to wit: an automobile, in and upon a certain public way in the town of Eddington, State of Maine, to wit: Route #9 in the town of Eddington, while under the influence of intoxicating liquors.

Ronald M. Veilleux
Maine State Police

Sworn to before me this sixth day of May, 1968.

Mary A. Short
Justice of the Peace and Clerk of the District Court, duly authorized to issue process."

29 MRSA § 1312 as amended provides:

## "§ 1312. OPERATING UNDER INFLUENCE OF DRUGS OR LIQUOR

Whoever shall operate or attempt to operate a motor vehicle upon any way, or in any other place when intoxicated or at all under the influence of intoxicating liquor or drugs, upon conviction, shall be punished by a fine of not less than $100 nor more than $1,000, or by imprisonment for not less than 10 days nor more than 11 months, or by both. Any person convicted of a 2nd or subsequent offense shall be punished by imprisonment for not less than 10 days nor more than 11 months, which jail sentence shall not be suspended, and in addition thereto, the court may impose a fine as provided. The court may admit evidence of the percentage by weight of alcohol in the defendant's blood at the time alleged, as shown by a chemical analysis of his breath, blood or urine. Evidence that there was, at that time, 7/100% or less, by weight of alcohol in his blood, is prima facie evidence that the defendant was not under the influence of intoxicating liquor within the meaning of this section. Evidence that there was, at that time, from 7/100% to 15/100% by weight of alcohol in his blood is relevant evidence but it is not to be given prima facie effect in indicating whether or not the defendant was under the influence of intoxicating liquor within the meaning of this section. Evidence that there was, at the time, 15/100% or more, by weight of alcohol in his blood, is prima facie evidence that the defendant was under the influence of intoxicating liquor within the meaning of this section. All such tests made to determine the weight of alcohol in the blood shall be paid for from the District Court Fund. The failure of a person accused of this offense to have tests made to determine the weight of alcohol in his blood shall not be admissible in evidence against him. Whoever shall operate or attempt to operate a motor vehicle upon any way, or in any other place when intoxicated or at all under the influence of intoxicating liquor or drugs, when such offense is of a high and aggravated nature shall be deemed guilty of a felony and on conviction thereof shall be punished by a fine of not less than $100 nor more than $1,000, or by imprisonment for not less than 60 days nor more than 2 years, or by both. Any person convicted of a 2nd or subsequent offense of the same gravity shall be punished by imprisonment for not less than 3 months nor more than 3 years, which jail sentence shall not be suspended, and in addition the court may impose a fine as provided. The license or right to operate motor vehicles of any person convicted of violating this section shall be revoked immediately by the Secretary of State upon receipt of an attested copy of the court records, without further hearing.

If any person convicted of any violation of this section shall appeal from the judgment and sentence of the trial court, his license and right to operate a motor vehicle in this State shall be suspended during the time his appeal is pending in the appellate court, unless the trial court shall otherwise order, or unless the Secretary of State, after a hearing, shall restore the license or permit pending decision on the appeal; provided that in all cases of first conviction under this section the license and right to operate a motor vehicle shall not be suspended during the time his appeal is pending in an appellate court.

No person whose license or right to operate a motor vehicle has been revoked upon conviction of violating this section shall be licensed again or permitted to operate a motor vehicle for 2 years, except that, after the expiration of one year from the date of such revocation, he may petition the Secretary of State for a license or permit, who, after hearing and after his determination that public safety will not be endangered by issuing a new license, may issue such license or permit, with or without conditions thereto at-

tached. Upon a 2nd conviction of a violation of this section, such person shall not be licensed again or permitted to operate a motor vehicle in this State for 5 years from the date of revocation, except that after 3 years from the date of such last revocation, he may petition the Secretary of State for a license or permit and the Secretary of State, after like hearing and determination, again may issue a license or permit to the petitioner, with or without conditions. Upon any subsequent conviction for a similar offense, the license or permit shall terminate and no subsequent license or permit shall be granted to such person, except that a person who has had 3 convictions under this section may petition the Secretary of State for a special license, who, after being satisfied beyond a reasonable doubt that the said petitioner has refrained from all use of intoxicating liquor for a period of 6 years next preceding the day of hearing on the said petition, may issue a special permit or license conditioned upon continued non-use of intoxicating liquor.

In allegations charging 2nd or subsequent offenses, the certified copy of the prior convictions from the office of the Secretary of State shall be admitted in evidence as proof of the prior convictions."

An analysis of the statute discloses that in effect it does the following things which for the purposes of this opinion we may describe in abbreviated form:

(a) Creates the offense and prescribes the penalty for operation *while "intoxicated."*

(b) Creates the offense and prescribes *the same penalty* for operation while *"under the influence."*

(c) Creates the offense of attempting to operate while "intoxicated" or "under the influence" and prescribes the same penalty therefor.

(d) Provides an enhanced penalty for a second or subsequent offense.

(e) Provides for the admission of evidence of physical tests relating to the percentage by weight of alcohol in defendant's blood.

(f) Provides for the prima facie effect of various percentages shown by such tests, all expressly related to the statutory phrase "under the influence." There is no provision for prima facie evidence of intoxication.

(g) Provides for payment for the taking of such tests and the exclusion of evidence of failure of defendant to have tests made.

(h) Creates the felony of operation while intoxicated or under the influence, *high and aggravated,* and prescribes an enhanced penalty therefor.

(i) Prescribes a further enhanced penalty for a second or subsequent offense of the same gravity (high and aggravated).

(j) Provides for revocation, suspension and restoration of license under varying conditions.

(k) Provides the method of proof of prior convictions in appropriate cases.

It should be noted at the outset that with respect to the offense of "operation while intoxicated," the word "intoxicated" has been judicially defined as meaning "drunk" or "inebriated to such an extent that the mental or physical faculties are materially impaired." State v. Mann (1948) 143 Me. 305, 310, 61 A.2d 786, 789. In contrast, the phrase "at all under the influence" means exactly what it says, "in any way or respect" or "to the least extent or degree." "No matter how little the mental or physical faculties and abilities may be affected, if they are in fact affected, the law of 'at all under the influence' now applies." State v. Mann, supra. The practical result has been that the State has almost never in recent

years charged the offense of "operation while intoxicated" since proof of the minimum degree of impairment contemplated by the phrase "at all under the influence" would upon conviction permit the imposition of the same penalty. The allegation and proof of prior convictions have often but not always been employed in appropriate cases. No instance of the use of an indictment charging the offense "high and aggravated" at felony level has come to the attention of this Court. In summary we find contained in a single statute multiple offenses with penalties that tend to overlap, and therein perhaps a source of understandable confusion which has led to the situation in the instant case.

At its special session in 1968 the Legislature enacted P.L.1967, Ch. 546 which added a new section 1312–A to 29 MRSA in these terms:

"§ 1312–A OPERATING WHILE IMPAIRED

It is unlawful for any person to drive any motor vehicle within this State while his mental or physical faculties are impaired, however slightly, by the use of intoxicating liquors or drugs, or both. Evidence that there was, at the time alleged, 10/100% or more by weight of alcohol in the defendant's blood is prima facie evidence of driving a motor vehicle in violation of this section. Any person convicted of a violation of this section shall be punished by a fine or not more than $300 or by imprisonment for not more than 90 days, or by both.

The license or right to operate motor vehicles of any person convicted of violating this section shall be suspended for 3 months immediately by the Secretary of State upon receipt of an attested copy of the court records, without further hearing. Upon a 2nd or subsequent conviction of a violation of this section, the person's license or right to operate a motor vehicle shall be suspended in the manner provided for one year."

This statute became effective April 26, 1968, a short time before the dismissal of the complaint in the instant case.

■ The key words in the new section for our purposes are "to drive any motor vehicle * * * while his mental or physical faculties are impaired, however slightly, by the use" etc. We conclude that the offense of "operation while impaired" is indistinguishable from and synonymous with "operation while at all under the influence" as judicially defined. In effect, therefore, the Legislature has selected one of the several offenses defined in 29 MRSA, Sec. 1312, restated it without changing the factors which constitute it, and provided in event of a conviction therefor a new and reduced penalty. The period of resulting suspension of license is also reduced. The Legislature has also changed the prima facie effect of certain percentages by weight of alcohol in a defendant's blood. It should be noted that this enactment was not accompanied by any express repeal of any portions of 29 MRSA, Sec. 1312 and we must therefore first determine what effect the passage of Sec. 1312–A has on Sec. 1312.

We need look no further for guidance than to State v. London (1960) 156 Me. 123, 162 A.2d 150 and cases cited therein. In London we held that the manslaughter statute, then R.S.1954, Ch. 130, Sec. 8, was in part repealed by implication by enactment of P.L.1957, Ch. 333, Sec. 2 which created a new offense of reckless homicide by motor vehicle. The Court quoted with approval from Starbird v. Brown (1892) 84 Me. 238, 240, 24 A. 824, as follows: " 'The test is whether a subsequent legislative act is so directly and positively repugnant to the former act, that the two cannot consistently stand together. Is the repugnancy so great that the legislative intent to amend or repeal is evident? Can the new law and the old law be each efficacious in its own sphere?' " Quoting further from London, "Where a later statute does not cover the entire field of the earlier statute but is in-

consistent or repugnant to some of its provisions, a repeal by implication takes place to the extent of the conflict * * * Where a later statute imposes a different penalty, either less or more, for the same or substantially the same offense, the later statute is ordinarily held to repeal the earlier one."

Applying these rules to the instant case we cannot but conclude that since the same acts would constitute and the same proof would support a conviction for either "operation while at all under the influence" under Sec. 1312 or "operation while impaired" under Sec. 1312–A, Sec. 1312 must be deemed pro tanto repealed. There still remain unrepealed those provisions of Sec. 1312 which (referring to our original analysis):

(a) Create the offense and prescribe the penalty for operation while "intoxicated."

(c) Create the offense of attempting to operate while "intoxicated" or "under the influence" and prescribe the same penalty therefor as is prescribed for (a).

(d) Provide an enhanced penalty for a second or subsequent offense.

(e) Provide for the admission of evidence of physical tests relating to the percentage by weight of alcohol in defendant's blood.

(g) Provide for payment for the taking of such tests and for exclusion of evidence of failure of defendant to have tests made.

(h) Create as a felony the crime of operation while intoxicated or under the influence, *high and aggravated,* and prescribe an enhanced penalty therefor.

(i) Prescribe a further enhanced penalty for a second or subsequent offense of the same gravity *(high and aggravated).*

(j) Provide for revocation, suspension and restoration of license under varying conditions *other than upon conviction for violation of Sec. 1312–A.*

(k) Provide the method of proof of prior convictions in appropriate cases.

One practical effect of the enactment of Sec. 1312–A is that a difference in the degree of impairment is related to a corresponding difference in potential penalty and severity of license sanctions. The offense of "operation while impaired" (formerly "operation while under the influence") becomes an offense of lesser degree than the offense of "operation while intoxicated." As we have already noted, this was not the case prior to the enactment of Sec. 1312–A. Such a distinction accords with logic and reason and furnishes a rationale for legislative intent.

On the other hand through what may have been legislative inadvertence, logical treatment is not afforded the offense of attempting to operate while impaired. On its face the statute now imposes a heavier penalty for the attempt than for the effective completion of the offense. For that reason we neither intimate nor suggest what our opinion might be with respect to an implied repeal of that portion of Sec. 1312 which in effect provides a penalty for attempting to operate while impaired. Such a determination is not necessary to the decision of the instant case.

It does not necessarily follow from the fact that the "under the influence" portions of Sec. 1312 are replaced and repealed by Sec. 1312–A, that the complaint in the instant case must be dismissed. We recognize that the form used was that approved as a means of charging the offense of operating "under the influence" in violation of Sec. 1312, and in fact the complaint bore on its face a reference to that statute. M.R.Crim.P., Form 1, Page 543. Although it will no doubt be deemed desirable to amend the form to incorporate some

of the phraseology of the new statute, the present complaint is not legally insufficient as a vehicle for charging a violation of Sec. 1312–A. The complaint is readily amendable as to form without any alteration of substance. If as we have held, the offenses are identical, no more is involved than semantics. The respondent is effectively informed by this complaint, even though employing terms of "influence" rather than "impairment," that he is charged with having operated a motor vehicle at a certain time and place while his mental or physical faculties were impaired by the use of intoxicating liquors. No more does the statutory reference to 29 M.R.S.A. Sec. 1312 on its face vitiate the complaint. The District Court Criminal Rules, Rule 3 provides: "Error in the citation of a statute or its omission shall not be grounds for the dismissal of the complaint * * * if the error or omission did not mislead the defendant to his prejudice." Here the defendant has been neither misled nor prejudiced. In fact he recognizes that there can be no prejudice if the penalty and license sanction upon conviction be those imposed by Sec. 1312–A and no more. To this much he is fairly entitled but not to dismissal of the complaint. The statutory reference may and should properly be amended to refer correctly to 29 M.R.S.A. Sec. 1312–A.

The entry will be

Appeal sustained. Remanded for further proceedings not inconsistent with this opinion. Counsel fees to be paid by appellant to appellee's counsel on this appeal in the sum of $350.

DUFRESNE, J., did not sit.