Janet M. CHASE

v.

Joseph T. EDGAR, Secretary of State.

Supreme Judicial Court of Maine.

Nov. 25, 1969.

David K. Marshall, Biddeford, for plaintiff.

Leon V. Walker, Jr., Asst. Atty. Gen., Augusta, for defendant.

Before WILLIAMSON, C. J., and WEBBER, MARDEN, DUFRESNE, WEATHERBEE, and POMEROY, JJ.

MARDEN, Justice.

On report upon an agreed statement of facts to determine plaintiff's rights and defendant's duty under 29 M.R.S.A. §§ 1312 [1] and 1312-A.[2]

The Statement of Facts, in abstract, determine that on April 3, 1969 plaintiff, upon a plea of guilty, was convicted of the offense of attempting to operate a motor vehicle while under the influence of intoxicating liquor. A fine was imposed and paid.

On April 18, 1969 the defendant revoked plaintiff's operator's license for a period of two years based upon the conviction.

Plaintiff urges the inconsistency of sections 1312 and 1312-A of the statutes, inasmuch as Section 1312 requires the Secretary of State to impose a license sanction greater for the offense of attempting to operate than for the offense of operating, and raises three issues:

"A. Whether so much of said Section 1312 as deals with the offense of 'Attempting to Operate While Under the Influence of Intoxicating Liquor' was repealed by the enactment of said Section 1312-A.

"B. The constitutionality of so much of said Section 1312 as deals with the impositon of license sanctions upon conviction of 'Attempting to Operate While Under the Influence', assuming the same not to have been repealed by the enactment of said Section 1312-A.

"C. The statutory duty of the Defendant in his capacity as Secretary of State to impose license sanctions following a conviction for 'Attempting to Operate While Under the Influence of Intoxicating Liquor'."

The constitutional issue (Point B) was neither argued nor briefed and is considered waived. A. E. Borden Co., Inc. v. Wurm, Me., 222 A.2d 150, [1] 152.

29 M.R.S.A. § 1312-A enacted at the second Special Session of the 1967 Legislature, which adjourned January 26, 1968, became effective April 26, 1968.[3]

State v. Bryce, Me., 243 A.2d 726 (June 25, 1968) held that Section 1312-A, when effective, impliedly repealed that portion of Section 1312 dealing with the operation of a motor vehicle while under the influence of intoxicating liquor.

The new section 1312-A does not deal with attempting to operate while impaired by the use of alcoholic beverage. It

---

1. § 1312. "Whoever shall operate or attempt to operate a motor vehicle * * * when intoxicated or at all under the influence of intoxicating liquor * * * shall be punished by a fine of not less than $100 nor more than $1,000, or by imprisonment for not less than 10 days nor more than 11 months, or by both. * * * The license or right to operate motor vehicles of any person convicted of violating this section shall be revoked immediately by the Secretary of State upon receipt of an attested copy of the court records, without further hearing.

\* \* \* \* \*

"No person whose license or right to operate a motor vehicle has been revoked upon conviction of violating this section shall be licensed again or permitted to operate a motor vehicle for 2 years, except that, after the expiration of one year from the date of such revocation, he may petition the Secretary of State for a license or permit, * * *."

2. § 1312-A. "It is unlawful for any person to drive any motor vehicle within this State while his mental or physical faculties are impaired, however slightly, by the use of intoxicating liquors * * *.

\* \* \* \* \*

"The license or right to operate motor vehicles of any person convicted of violating this section shall be suspended for 3 months immediately by the Secretary of State upon receipt of an attested copy of the court records, without further hearing. * * *"

3. By the terms of Maine Constitution Article IV, Part 3, Section 16, "(n)o Act * * * shall take effect until ninety days after the recess of the Legislature passing it * * *."

was pointed out in *Bryce* [2] at page 731 that "through what may have been legislative inadvertence, logical treatment is not afforded the offense of *attempting to operate while impaired*." For us to hold that the legislature intended to say "(i)t is unlawful for any person to drive *or attempt to drive* any motor vehicle * * * while his mental or physical faculties are impaired * * * by the use of intoxicating liquor * * *" would be bald judicial legislation.

> "We do not feel authorized to modify the statutes by * * * interpolation * * *. It is not the province of the court to legislate." State v. Frederickson, 101 Me. 37, 44, 63 A. 535, 537, 6 L.R.A.,N.S., 186.

> "If the meaning of the (statutory) language is plain the Court will look no further; it is interpreted to mean exactly what it says. Crawford's Statutory Construction, Sec. 164." Sweeney v. Dahl, 140 Me. 133, 140, 34 A.2d 673, 676, 151 A.L.R. 356.

See also State v. Koliche, 143 Me. 281, 284, 61 A.2d 115.

> "Where the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation, and the court has no right to look for or impose another meaning." 50 Am.Jur., Statutes § 225.

There is nothing in § 1312–A to indicate a legislative intention to repeal § 1312 as it deals with attempting to operate a motor vehicle while under the influence of intoxicants. It was the statutory duty of the defendant to impose the sanction which he did.

So Ordered.

WILLIAMSON, C. J., and DUFRESNE, J., dissent.

WILLIAMSON, Chief Justice (dissenting).

In my opinion the authority of the Secretary of State was limited to the suspension of the plaintiff's license for three months under Sec. 1312–A.

In State v. Bryce, Me., 243 A.2d 726, operating "under the influence" under Sec.

1312 gave way to driving while "impaired" under Sec. 1312–A. Likewise, as I see it, an attempt to operate "under the influence" must give way to an attempt to drive while "impaired" under Sec. 1312–A. I am unable to save the attempt of Sec. 1312 after the statutory offense itself has been repealed.

We are not here concerned with the punishment for an attempt under the "impairment" statute. See 17 M.R.S.A. Sec. 251 limiting punishment where no express provision for attempt.

It is sufficient in my opinion for suspension of the license by the Secretary of State that the defendant violated Sec. 1312–A.