### COMMONWEALTH *vs.* PATRICK O'KEAN.

Bristol.    October 28, 1890. — January 7, 1891.

Present: FIELD, C. J., W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Intoxicating Liquors — Hop Beer — Percentage of Alcohol — Knowledge and Belief.*

At the trial of a complaint on the Pub. Sts. c. 101, §§ 6, 7, for keeping a common nuisance, evidence that the defendant did not know that hop beer sold by him contained such a proportion of alcohol as rendered its sale illegal, and that he believed it was not intoxicating, is immaterial, and will not constitute a defence.

COMPLAINT for keeping a common nuisance, to wit, a tenement used for the illegal sale and keeping of intoxicating liquors. Trial in the Superior Court, before *Thompson*, J., who allowed a bill of exceptions, in substance as follows.

It appeared in evidence that the defendant kept the tenement in the premises named in the complaint, and kept for sale hop beer, samples of which were sent to the State assayer, and were testified by him to contain 5.55 per cent and 5.05 per cent of alcohol at 60° Fahrenheit. The defendant offered to prove that he did not know that the hop beer contained the prohibited quantity of alcohol, or that it was spirituous or intoxicating liquor, and believed that it was not, and did not have any information leading him to believe that it was. The judge ruled that these facts, if proved by the defendant, would not constitute a defence to the complaint.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. W. Cummings*, for the defendant.

*H. A. Wyman*, Second Assistant Attorney General, for the Commonwealth.

W. ALLEN, J.  If the beer was an intoxicating liquor, the sale of it by the defendant was illegal, whether he did or did not know it to be intoxicating, and the tenement used for the illegal sale of it was declared by the statute to be a common nuisance.  The fact that the defendant did not know that the beer was an intoxicating liquor, within the definition of the statute, would not prevent the place used for its illegal sale from being a nuisance, nor relieve the defendant from the penalty prescribed for keeping such nuisance.  If the defendant kept the place and used it for the sale of intoxicating beer, the facts that he did not know that the beer contained such a proportion of alcohol as rendered its sale illegal, and that he believed that it was not intoxicating, were immaterial, and would not constitute a defence.  *Commonwealth* v. *Boynton*, 2 Allen, 160.  *Commonwealth* v. *Goodman*, 97 Mass. 117.  *Commonwealth* v. *Uhrig*, 138 Mass. 492.  *Commonwealth* v. *Savery*, 145 Mass. 212.  *Commonwealth* v. *Daly*, 148 Mass. 428.  *Commonwealth* v. *Hayes*, 150 Mass. 506 ·                              *Exceptions overruled.*