STATE *vs.* FRED HUFF.

Lincoln.    Opinion February 4, 1897.

*Exceptions.    Evidence.    Intent.    Smelts.    Spec. Laws, 1895, c. 28.*

Upon a motion in arrest of judgment for irregularities and omissions in a recognizance and other papers sent up on appeal from a trial justice's court, none of the papers complained of were made part of the bill of exceptions, and none were before the law court. *Held;* that the court cannot determine whether there was error in overruling the motion, and exceptions thereto should be overruled.

Evidence is not admissible to show in a criminal prosecution that the defendant is innocent of turpitude, when the statute makes the act charged an illegal one without reference to the intent of the doer.

The acts prohibited by special statute of 1895, c. 28, for the protection of smelts in Damariscotta River are made unlawful absolutely; and the belief of persons violating the act is no defense.

ON EXCEPTIONS BY DEFENDANT.

This was a complaint for fishing for smelts with a drag seine in Damariscotta river in violation of the special laws of 1895, c. 28.

The complaint was heard January 15, 1896, before a trial justice in the county of Lincoln, and the respondent was found guilty and fined one hundred dollars. An appeal was taken to this court below, where the case came on for trial at the April term, 1896. No objection was made to the form of the complaint and warrant. At the trial the respondent offered two letters written to him by a commissioner of sea and shore fisheries, in both of which the commissioner gave to the respondent an opinion that he had a legal right to fish with purse or drag seines, at the point where he afterwards fished, and for which complaint was made. The respondent also offered to prove that, before the fishing complained of, he consulted an attorney at law who gave him a similar opinion. The presiding justice excluded the letters of the commissioner and the opinion given by the attorney at law; and instructed the jury that the testimony offered by the respondent would not constitute a justification of the offense had he admitted the same in evidence.

The jury returned a verdict of guilty.

The defendant moved in arrest of judgment for the following reasons:

(1.)    Because the recognizance on appeal from the finding of the magistrate, or trial justice, before whom the case was originally tried, is not properly certified and attested by the said trial justice.

(2.)    Because there is no record or copy of record of the said trial justice's proceedings, at the court where the case was first heard and from which an appeal was taken.

(3.)    That the papers returned by the trial justice, and all of them, are defective in not being properly attested and certified.

The presiding justice overruled the motion in arrest of judgment and the defendant thereupon took exceptions. He also took exceptions to the other rulings above stated.

*W. H. Hilton,* and *Howard E. Hall,* County Attorney, for State.
*True P. Pierce,* for defendant.

The intent and the act must both concur to constitute the crime. 3 Greenl. Ev. 13. The evidence offered not only shows that the defendant did not intend to violate the law, but that he intended not to violate it. *U. S.* v. *Conner,* 3 McLean, 573.

SITTING : PETERS, C. J., WALTON, EMERY, HASKELL, WHITE-HOUSE, STROUT, JJ.

EMERY, J. I. As to the motion in arrest of judgment for irregularities and omissions in the recognizance, copy of record and other papers sent up by the trial justice, none of the papers complained of are made a part of the bill of exceptions and none are before the law court. Hence we are unable to determine whether there was any error in overruling the motion, and must overrule the exceptions thereto.

II. The appellant was charged with doing the acts prohibited by special statute of 1895, c. 28, enacted for the protection of smelts in the Damariscotta river. He admitted that he did the acts charged and intended to do them. They were not done

unconsciously nor under compulsion. He offered to show in defense, however, that he was advised by one of the fish commissioners and also by a reputable counselor at law that, under the circumstances, it was not unlawful to do those acts. He further offered to show that in doing those acts he acted in good faith not intending to violate any law. The court ruled out this offered defense and the appellant was convicted.

Some acts are in themselves indifferent and become criminal only when done with a particular intent. For instance, many acts become criminal only when done with an intent to defraud. In such cases the intent which makes the otherwise indifferent or innocent act criminal must be alleged and proved ;—and evidence tending to show the absence of the criminal intent would be admissible in defense.

Other acts, however, are sometimes made unlawful absolutely, without reference to any intent or other state of mind of the doer. In such cases no intent need be alleged or proved. The intent to do is sufficient and that can be inferred from the doing. The acts prohibited by this statute are of this latter class. They are prohibited absolutely. Having intentionally committed them, though innocent of any turpitude, the appellant has violated the statute. *State* v. *Goodenow*, 65 Maine, 30.

*Exceptions overruled.*