## STATE OF MAINE *vs.* CLARENCE EATON.

Franklin.    Opinion February 5, 1903.

*Intox. Liquors.    Illegal Sales.    Knowledge and Belief.    Intent.    R. S., c. 27.*

If a person, other than those having statutory authorization, sells liquors which are in fact intoxicating, but which he believes and has good reason to believe are not intoxicating, he nevertheless violates the statute prohibiting the sale of intoxicating liquors, and is subject to the statutory punishment therefor.   The prohibition is not limited to knowingly selling without authority.   It is absolute, without exception.

Exceptions by defendant.    Overruled.

Indictment for a single sale of intoxicating liquor.

The defendant after conviction was allowed a bill of exceptions as follows:—

There was evidence tending to show, that on July 3, 1902, the respondent put up a case of beer, of some kind, and sent it to one Augustus H. Bradford; also that Bradford delivered a bottle of the same to his son, who delivered the same to one Nelson Gould, who delivered the same to Prof. W. G. Mallett, who claimed to analyze the same, and found it contained 5.44 per cent alcohol.   Respondent testified that the beer he sent to Bradford was what is known in the market as Uno beer—that it was not intoxicating, and that if Mallett made a correct analysis of a bottle of beer which contained 5.44 per cent alcohol, which came from that case, there must have been some mistake in putting up the beer, that he did not intend to sell anything but Uno beer, which is not intoxicating.

On·this point the presiding justice instructed the jury as follows:

"It is unnecessary, I presume, to instruct you, but I will do so, that if there was any misapprehension or error on the part of the defendant or any of his agents in delivering a strong beer, a beer unadulterated, when he intended to deliver an adulterated beer, that would not relieve him from the responsibility of selling liquor which was intoxicating, if you find it to be intoxicating in fact."

*H. S. Wing,* County Attorney, for State.

Where an act in itself not criminal is prohibited by statute on grounds of public policy, and the statute does not make the criminality of the act depend upon its being wilfully, or maliciously, or knowingly done, it has frequently been held that the criminal intent is immaterial. A statute may throw on the defendant the burden of keeping within its requirements, and may make the doing of the prohibited act criminal without regard to the intent. 1 McLain on Crim. Law, par. 128.

The argument urged in behalf of defendant is founded on the erroneous theory that the guilty intent necessary to constitute the offense which the law prohibits must include a knowledge of the quality of the article as well as a purpose to sell it. Such a construction of the statute would contravene its whole scope and object. *Com.* v. *Goodman,* 97 Mass. 119.

Knowledge by the defendant as to the character of the liquor, either as to what it is or whether it is intoxicating, is wholly immaterial. *State* v. *Moulton,* 52 Kan. 69; *State* v. *Tomasi,* 67 Vt. 312; *King* v. *State,* 66 Miss. 502; *People* v. *Kibler,* 106 N. Y. 321, 393; *State* v. *Smith,* 10 R. I. 258; *Barton* v. *State,* 99 Ind. 89; *Barnes* v. *State,* 19 Conn. 393; *State* v. *Stanton,* 37 Conn. 421.

If defendant has kept and sold a kind of beer, which he supposes not to contain sufficient alcohol to render it intoxicating, his mistake in that respect, though honest, would constitute no defense. *Com.* v. *Savery,* 145 Mass. 212; *Com.* v. *Daly,* 148 Mass. 428.

*H. L. Whitcomb,* for defendant.

In order to constitute a crime or misdemeanor there must be a union or joint operation of act and intention, or criminal negligence.

"Where a man, in the execution of one act, by misfortune or chance, and not designedly, does another act, for which, if he had wilfully committed it, he would be liable to be punished:—in that case, if the act he was doing were lawful, or merely malum prohibitum, he shall not be punishable for the act arising from misfortune or chance; but if malum in se, it is otherwise." 1 Archibold's Crim, Pract, & Plead, 9,

Selling Uno beer, which is held not intoxicating within the meaning of our statute, is lawful. The prohibition against the sale of intoxicating liquor is purely statutory. The common law does not prohibit the sale of beer or spirituous liquors of any kind—such sale is merely malum prohibitum.

Defendant though he was disposing of beer, the sale of which was not even malum prohibitum, and the claim of the State is, that a bottle, after going through the possession of five persons, was found to contain 5.44 per cent alcohol.

If the statute was violated, the case shows that there was nothing done on the part of respondent to give the color of an act malum in se.

Professor Greenleaf says, "Ignorance or mistake of fact may in some cases be admitted as an excuse; as, where a man, intending to do a lawful act, does that which is unlawful." 3 Greenl. Ev. § 21.

Blackstone states the law in this manner : "Ignorance or mistake is another defect of will; when a man, intending to do a lawful act, does that which is unlawful. For here the deed and the will acting separately there is not that conjunction between them, which is necessary to form a criminal act." 4 Black. Com. 27; 1 Russell on Crimes, 25.

The intent to commit the crime, is of the essence of the offense; and to hold that a man shall be held criminally responsible for an offense, of the commission of which he is ignorant at the time, would be intolerable tyranny. *Duncan* v. *The State,* 6 Humphreys, 148.

There is no pretense of gross carelessness which would create responsibility.

SITTING: WISWELL, C. J., EMERY, STROUT, SAVAGE, SPEAR, JJ.

EMERY, J. The defendant was convicted of selling intoxicating liquor without any lawful license or authority therefor. He claimed that he did not know the liquor (beer) was intoxicating, had good reason to believe it was not intoxicating, and did not intend to sell

anything intoxicating. The presiding justice ruled that this claim, if established, was no defense. The defendant excepted.

The question presented is practically this :—is a person permitted by the statute to sell without license intoxicating liquor if he believes, and has reason to believe, that it is not intoxicating? Certainly not. The prohibition is not limited to knowingly selling without license. It is absolute, without exception. While many statutes make knowledge or wicked intent, or both, essential to constitute the offense forbidden, the statute forbidding the sale of intoxicating liquor does not. It is like those statutes considered in *State* v. *Goodenow*, 65 Maine, 30, and *State* v. *Huff*, 89 Maine, 521, where the act was held to constitute the offense, though the defendants did not think they were violating the statute.

A person proposing to sell liquor must make sure at his peril that it is not intoxicating. If it be in fact intoxicating, his erroneous belief that it is not intoxicating, however sincere and apparently well founded, will not save him from punishment. It has been repeatedly so held in Massachusetts under similar statutes. *Com.* v. *Boynton*, 2 Allen, 160; *Com.* v. *Hallett*, 103 Mass. 452; *Com.* v. *O'Kean*, 152 Mass. 584.

*Exceptions overruled. Judgment for the State.*