JOHN E. CHURCH *vs.* HEBRON E. KNOWLES.

Kennebec.   Opinion March 19, 1906.

*Construction of Statutes.   Legislative Intent.   Scienter.   Sale Contrary to Statute. Promissory Note Given.   Requested Instructions Refused.   R. S., c. 19, § 19.*

Section 19 of chapter 19 of the Revised Statutes reads as follows : " Whoever sells or disposes of any animal infected or known to have been exposed to infection, within one year after such exposure, without the knowledge and consent of the municipal officers, shall be fined not exceeding five hundred dollars or be imprisoned not exceeding one year."

This section describes two offenses and it seems improbable that if the legislature intended both to depend upon scienter that it should have expressly said so in one case and remained silent in the other.   *Held :* that the action of the legislature, as read from the language of the section, shows a deliberate purpose to omit the element of scienter as an ingredient of the first named offense.

The plaintiff sold a pair of oxen to the defendant, taking the promissory note of the defendant in payment therefor.   There was evidence tending to show that at the time of the sale, these oxen were infected with tuberculosis, of which they afterward died.   The plaintiff brought an action on the aforesaid note, and at the trial contended that at the time of the sale he had no knowledge of the infection of the oxen.   The defendant requested the presiding Justice to instruct the jury that if the oxen were infected with tuberculosis at the time of the sale, the plaintiff could not recover.   The presiding Justice declined to give this requested instruction,

but instructed the jury as follows: "If they were sold on inspection and the plaintiff was absolutely ignorant of any infection and had reason to suppose that they were all right and sound, and had no sufficient reason to doubt it, he is entitled to recover on this note."

*Held:* that the instruction given by the presiding Justice was erroneous, and that the instruction requested by the defendant should have been given.

On motion and exceptions by defendant.    Exceptions sustained. Motion not considered.

Assumpsit on a promissory note given by the defendant to the plaintiff in payment of a pair of oxen sold by the plaintiff to the defendant, brought in the Superior Court, Kennebec County.    Plea, the general issue with a brief statement alleging " that the consideration for the alleged promise was the sale of two oxen which were sold by said Church to said Knowles at said Augusta, on Oct. 28, 1903, that said oxen were then and there infected with tuberculosis, and that said Church had no consent from the municipal officers of said Augusta, that said oxen had been within one year before said sale been exposed to infection from tuberculosis to the knowledge of said Church; and that said Church neglected to inform said Knowles of such infection or exposure, and said Knowles did not then and there know of the same," and " that by reason thereof said oxen were entirely worthless and were killed by the State Cattle Commissioners ; that said Knowles was put to great expense and damage in caring for and endeavoring to cure said oxen which he claims to recoup."    At the trial, the defendants requested the presiding Justice to instruct the jury that if the oxen were infected with tuberculosis, at the time of the sale, the plaintiff could not recover.    The presiding Justice declined to give this instruction, but instead thereof gave the instruction stated in the opinion.    The verdict was for the plaintiff.    The defendant filed a motion for a new trial, and also took exceptions both to the refusal of the presiding Justice to instruct as aforesaid and to the instruction given in the place of the requested instruction.

The case appears in the opinion.

*Sheldon & Sawtelle,* for plaintiff.

*Williamson & Burleigh,* for defendant.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, SAVAGE, POWERS, SPEAR, JJ.

SPEAR, J.   This was an action of assumpsit on a promissory note given by the defendant to the plaintiff in payment for a pair of oxen. There was evidence tending to show that the oxen were at the time of sale infected with tuberculosis, of which they afterward died.

The defendant requested the court to instruct the jury that if the oxen were infected with tuberculosis at the time of sale, the plaintiff could not recover.

This instruction the court declined to give, but instead gave the following : " If they were sold on inspection and the plaintiff was absolutely ignorant of any infection and had reason to suppose that they were all right and sound, and had no sufficient reason to doubt it, he is entitled to recover on this note."

To this instruction and refusal to instruct the defendant excepted. A motion was also filed to set aside the verdict as against the evidence; but it will not be necessary to consider it.

The exceptions in this case involve the construction of R. S., chapter 19, sec. 19, which provides : " Whoever sells or disposes of any animal infected or known to have been exposed to infection, within one year after such exposure, without the knowledge and consent of municipal officers, shall be fined not exceeding $500 or be imprisoned not exceeding one year."   The object of construing a statute is to ascertain the intent of the legislature.   This should be done by an examination of the phraseology of the statute itself, and by ascertaining the circumstances and conditions surrounding, and the subject matter, object and purpose of the enactment of, the statute.

" When the language of the statute is clear and plain, consequences must be disregarded."   *Clark* v. *Me. Shore Line R. R. Co.*, 81 Maine, 477.   The language of the above statute is clear and explicit and free from ambiguity.   It describes two offenses and prescribes the penalty therefor.   First, it declares that, whoever sells or disposes of any animal infected, &c., shall be fined, which constitutes one offense.   Second, it says, whoever sells or disposes of any animal known to have been exposed, &c., shall be fined, and this

constitutes the second offense.  That is, if a person sells an animal actually infected, without knowledge, he is liable; if he sells an animal known to have been exposed, though not infected, he is liable.

While the phraseology of this statute is admitted by the plaintiff to be clear and free from ambiguity, yet he says the legislature did not intend to make the law so drastic as the language of the statute conveys.  He asserts that the very essence of criminal intent is based upon knowledge, and that, to say one cannot exercise his constitutional right of selling his own property, to him unknown to be within the inhibition of any law, is in violation of the well established rules of criminal procedure.  The plaintiff's position might be well taken if the statute described an offense that was malum in se.  But it does not.  The offense here charged is malum prohibitum. The element of moral turpitude is not an attribute of the first offence described in this section.  Under the second, in a degree, it might be, for it involves the question of scienter; it not being necessary to prove infection at all, only knowledge of exposure.

The legislature described two offenses in the same section and same sentence, and it seems improbable, if they intended both to depend upon scienter, that they should have expressly said so in the one case and have remained silent in the other.  We think the action of the legislature, as read from the language of this section, shows a deliberate purpose to omit the element of scienter as an ingredient of the first offense.

If there were any doubt as to the inherent meaning of this statute, the application of the familiar rules of construction would remove it. The circumstances and conditions underlying the enactment of this section are clearly disclosed by the chapter of which the section is a part.  It is apparent from the various provisions of this chapter, that the object of it was to prevent and suppress the dangerous and insidious disease of tuberculosis, a menace not only to the cattle herds throughout the state, but to human beings who are necessarily consumers of milk.  This chapter provides for a commission whose duty it is to exercise great vigilance and care in the effort to suppress this disease and prevent its spread, and authorizes the expenditure of large sums of money to accomplish this end.  Therefore, it is clear

that the object and purpose of the section now under consideration, was to place the most effective check possible upon the transfer of cattle, either infected or known to have been exposed to infection, in order to prevent as absolutely as possible the contagion of this baneful disease.

Now an interpolation into this section of a word requiring scienter such as "knowingly," which we believe the legislature intentionally omitted, so that it would read, "whoever knowingly sells, &c.," would operate to practically nullify the statute. Because, if a man should observe symptoms of disease about his cattle, involving the incipient stages of tuberculosis or any of the contagious diseases specified in chapter 19, such knowledge would be subjective, ordinarily discoverable only upon a test examination, and practically incapable of proof. In such case, a dishonest man might, by the sale of his stock, cause the infection of a dozen herds with little fear of discovery. While the dishonest man undoubtedly does do this now without detection, it is yet no reason why he should escape when discovered.

The section under consideration is a health measure, in which the right or convenience of the individual must in all instances be held subordinate to the public welfare and safety, and is to be construed with technical strictness. Such a construction is amply sustained by the authorities.

*Com.* v. *Emmons,* 98 Mass. 6, was a complaint charging the respondent with being the keeper of a billiard room and admitting a minor thereto without the written consent of his parents. The minor was twenty years of age, fully grown and did business independent of his parents. The respondent offered evidence that he informed the boy that a minor was not allowed to enter, and upon interrogation he replied that he was of full age. This evidence was excluded under a statute providing that no minor should be permitted to enter a billiard room, and the court said that the evidence excluded was immaterial, the prohibition of the statute being absolute; that the defendant admitted him to his room at his peril and was liable to the penalty whether he knew him to be minor or not.

See also *McCutcheon* v. *People*, 69 Ill. 603 ; *Ward* v. *State*, 48 Ind. 289.

*Com.* v. *Farran*, 91 Mass. 490, involved an indictment under a statute that provided "whoever sells or keeps or offers for sale adulterated milk . . . . shall be punished " &c. The defendant contended that it was incumbent upon the state to prove that he committed the offense knowing the milk to be adulterated ; but the court held that the language of the statute did not require such proof ; that it was evident the legislature did not intend that it should do so. And one of the reasons given for the probable enactment of the statute was that they regarded it as impracticable in most cases to prove knowledge in offenses to which the statute was intended to apply.

*Com.* v. *Boynton*, 2 Allen, 160, was an indictment for being a common seller. The defendant offered evidence to show that the beer sold was not intoxicating and that if it was he had no knowledge of it and bought it as a non-intoxicating liquor. Yet the court held, that want of knowledge would not avail him in the defense ; that if the defendant purposely sold liquor which was in fact intoxicating he was bound at his peril to know the nature of the article which he sold. See also *State* v. *Eaton*, 97 Maine, 289.

*Com.* v. *Raymond*, 97 Mass. 567, was a case of indictment for selling a calf less than four weeks old under a statute prohibiting such sale. Upon the question raised on exceptions, whether it was necessary to allege that the defendant had knowledge that the calf was less than four weeks old, the court held that it was not necessary to allege it in the indictment. That " under this clause, as under the laws against the sale of intoxicating liquor or adulterated milk and many other police, health and revenue regulations, the defendant is bound to know the facts and obey the law, at his own peril. Such is the general rule where acts which are not mala in se are mala prohibita from motives of public policy and not because of their moral turpitude or criminal intent with which they are committed. Under these principles we think the instruction requested by the defendant should have been given. The instruction given was erroneous.

While a consideration of the exceptions disposes of the case yet for the information of the parties interested we deem it proper to say that the motion should be sustained upon the plaintiff's own testimony, even under the instructions which were given to the jury.

*Exceptions sustained.*