## STATE OF MAINE *vs.* HIRAM W. CHADWICK.

## Knox.    Opinion March 25, 1920.

*Guilt or innocence at common law not determined by degree of care.    Mala prohibita.*
*Criminal intent.    Doing the act charged under the statute is the only*
*essential fact.    Time of seizure governs as to length of lobsters.*

Complaint charging illegal possession of short lobsters.    Exceptions to the refusal of the presiding Justice to give the following instructions:

"1.    If from all the evidence, or from reasonable and proper inferences to be drawn therefrom, you are satisfied that any or all of these 109 lobsters were of legal length when put into the car from which they were taken by the wardens then the defendant is not guilty as to such of those lobsters as you are convinced were of lawful length at the time they were placed in the car.

2.    Defendant has the right, if he uses all reasonable precautions to prevent a violation of the law, to have in his possession lobsters that may seem to be of unlawful length, if in that possession he exercises all proper and reasonable care to avoid a violation of the law and did not have such lobsters in his possession with any apparent intention of violating the law or had them in his possession under circumstances as would indicate that he had no apparent intention of violating it.

3.    If you find that the lobsters in question were of lawful length when put into defendant's car, then they were at that time the property of the defendant, and no law could deprive him of any of those lobsters without just compensation therefor."

The third request was not urged at the hearing before this court.    As to the others the respondent's brief says that they are offered as bearing upon the degree of care exercised by the respondent in the selection of lobsters to be placed in his car.

*Held:*

1.    At common law the degree of care used by the respondent in doing criminal acts does not enter into the question of his guilt or innocence, although a different rule might apply to a statutory offense if an act mala prohibita was made so because it was negligently done.

2.    Neither does the question of intent enter into the offense charged against the respondent under the statute.    The axiom "actus non facit reum, nisi mens sit rea" does not always apply to crimes created by statute, and therefore if a criminal intent is not an essential element of a statutory crime it is not necessary to prove any intent in order to justify a conviction.

3.  The illegal possession of short lobsters constitutes the crime, and the normal turpitude or the purity of the motive by which it was prompted, as well as knowledge or ignorance of its character, are immaterial circumstances on the question of guilt.  The degree of care with which the act may have been done, or the intent with which it was done, are alike immaterial.  The only fact to be determined in such cases is whether the defendant did the act.

4.  It matters not what the measurement of the lobsters might have been when caught; the statute speaks in the present tense, viz: The length at time of seizure, not at some previous time.

Defendant was found guilty under R. S., Chap. 45, Sec. 35, of illegal possession of short lobsters.  The presiding Justice refused to give certain instructions, to which refusal defendant took exceptions.

Exceptions overruled.  Judgment for the State.

Case stated in the the opinion.

*Henry L. Withee,* Attorney for the State.

*Rodney I. Thompson,* for defendant.

SITTING:  SPEAR, HANSON, PHILBROOK, MORRILL, WILSON, DEASY, JJ.

PHILBROOK, J.  The defendant has been found guilty of violation of the provisions of R. S., Chap. 45, Sec. 35, which provides a penalty for buying, selling, giving away, exposing for sale, or possessing for any purpose any lobster less than a certain length ascertained by measuring from the end of the bone of the nose to the center of the rear end of the body shell.  The case arose prior to the amendment found in Public Laws 1919, Chap. 184, Sec. 8, which provides a different method of measurement.

The lobsters were taken from a receptacle admittedly in the care and under the control of the defendant.  The case is before us upon a bill of exceptions from which we quote; "As bearing upon the degree of care exercised by the defendant in the selection of the lobsters in the car, and the right of possession of said lobsters, and the property of the defendant therein in consequence of said care, defendant's counsel requested the presiding Justice to instruct the jury as follows:—

If from all the evidence, or from reasonable and proper inferences to be drawn therefrom, you are satisfied that any or all of these 109 lobsters were of legal length when put into the car from which they

were taken by the wardens then the defendant is not guilty as to such of those lobsters as you are convinced were of lawful length at the time they were placed in the car.

Defendant has the right, if he uses all reasonable precautions to prevent a violation of the law, to have in his possession lobsters that may seem to be of unlawful length, if in that possession he exercises all proper and reasonable care to avoid a violation of the law and did not have such lobsters in this possession with any apparent intention of violating the law or had them in his possession under circumstances as would indicate that he had no apparent intention of violating it.

If you find that the lobsters in question were of lawful length when put into defendant's car, then they were at that time the property of the defendant, and no law could deprive him of any of those lobsters without just compensation therefor.

Which several instructions the presiding Justice refused to give, in supplement to his charge that the issue of the case was whether the respondent, at the time charged in the complaint, had in his possession lobsters of illegal length as defined by said statute, to which refusal defendant then and there excepted and prays that his exceptions may be allowed."

We have quoted the exceptions at length in order that the defendant's claims therein may be fully understood. The requested instructions, as we have seen, were presented as bearing upon (1) the degree of care exercised by the defendant in selection of lobsters, (2) the right of possession, (3) the property of the defendant therein, in consequence of said care. The third requested instruction was not pressed in argument and is not now relied upon, if we correctly interpret the defendant's brief. It would seem, therefore, that the requested instructions, as now urged upon our attention, bear more particularly upon the degree of care exercised by the defendant in selection of lobsters.

The first requested instruction, including the element of initial care in selection of lobsters, in effect asks that the defendant be exonerated if the lobsters were of legal length when placed in the car, or receptacle, regardless of their measured length when seized by the wardens.

We are not aware of any principle of common law which declares that the degree of care used by the accused enters into the question of guilt or innocence, although a different rule might apply to a statutory offense if an act mala prohibita was made so because it was negligently done. The statute under consideration certainly con-

tains no reference to negligence of the violator either directly or by implication. While not akin to negligence, intent may be the real ground upon which the defendant relies. At common law a crime possessed the element of an evil intention together with an unlawful action. The maxim is "actus non facit reum, nisi mens sit rea." In plain English the principle contained in the maxim is, a crime is not committed if the mind of the person doing the unlawful act is innocent, and therefore a guilty intent must be proved. But the maxim does not always apply to crimes created by statute, and therefore if a criminal intent is not an essential element of a statutory crime it is not necessary to prove any intent in order to justify a conviction. *State* v. *Huff*, 89 Maine, 521. Many instances might be cited where Legislatures, in our own and other States in the exercise of police power, have prohibited the performance of some particular act and provided penalties to be inflicted for violation of the prohibition. The doing of the prohibited act constitutes the crime, and the moral turpitude or the purity of the motive by which it was prompted, as well as knowledge or ignorance of its criminal character, are immaterial circumstances on the question of guilt. The only fact to be determined in such cases is whether the defendant did the act. *State* v. *Rogers*, 95 Maine, 94. The statute under consideration is one of the instances where our Legislature, in the exercise of police power, has prohibited doing certain acts. The above consequences follow. The degree of care with which the acts may have been done, or the intent with which they have been done, are alike immaterial.

But in his first request the defendant introduces another element relating to time, claiming that if the lobsters were of legal length when put into the car, not when they were seized, then the defendant must be found not guilty. This same case has been before us upon demurrer. *State* v. *Chadwick*, 118 Maine, 233, and the court fully negatived this claim, when it said "it now matters not what their measurement may have been when alive or when caught." The statute deals with the present tense, viz., the length at the time of seizure, not at some previous time.

The second requested instruction also deals with degree of care and intent, but what we have already said makes further discussion of those elements unnecessary.

*Exceptions overruled.*
*Judgment for the State.*