## STATE *vs.* ELWOOD VERRILL.

### Cumberland.   Opinion March 11, 1921.

*The interpretation of "Whoever knowingly goes away without stopping and making himself known, after causing injury to any person or property," Sec. 38, Chap. 26, R. S., given by the presiding justice in his charge, adopted as the opinion of the court as clear, succinct, and correct.*

This case comes up on the following exceptions, the verdict being guilty.

This was a criminal proceeding against the respondent, who was indicted at the January 1920 term of the Superior Court.   The indictment is as follows: The grand jurors for said State upon their oath present that Elwood Verrill of Durham, in the County of Androscoggin, on the sixth day of December, A. D. 1919, at Portland in the County of Cumberland, while then and there operating a certain motor vehicle, to wit, an automobile, did go away without stopping and making himself known, after causing injury, as said Elwood Verrill well knew, to the person of one Arthur Abbott.

Said respondent was arraigned and pleaded not guilty.   After the judge's charge, the attorney for the respondent, excepted to certain parts of the charge as appears from the record as follows:

"Respondent, by his counsel, objects to the meaning of the word "Cause" as stated by the court in his charge.   Also as what is the meaning of "make himself known!"

The charge of the Justice, as well as the evidence in the case, is to be made part of the exceptions.

*Held:*

That the charge of Justice Sanborn clearly, succinctly and correctly defines the setting and meaning of the words to the interpretation of which the exceptions are taken.

On exceptions.   The respondent was indicted at the January 1920 term of the Superior Court in Cumberland County for a violation of Sec. 38, of Chap. 26, of the R. S., in that on the sixth day of December, 1919, at Portland, while operating an automobile, after causing injury to one Arthur Abbott, "did go away without stopping and making himself known." At the same term of court the respondent was found guilty by a jury.

After the charge by the presiding Justice to the jury, counsel for the respondent took exceptions to the interpretations given by the Justice in his charge to the word "cause" and the words "make himself known." Exceptions overruled.

Case stated in the opinion.

*C. L. Beedy, County Attorney,* and *C. F. Robinson,* for the State.
*William H. Looney,* for the respondent. ·

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, MORRILL, WILSON, JJ.

SPEAR, J. This case comes up on the following exceptions, the verdict being guilty.

This was a criminal proceeding against the respondent, who was indicted at the January 1920 term of the Superior Court. The indictment is as follows: The grand jurors for said State upon their oath present that Elwood Verrill of Durham, in the County of Androscoggin, on the sixth day of December, A. D., 1919, at Portland in the County of Cumberland, while then and there operating a certain motor vehicle, to wit, an automobile, did go away without stopping and making himself known, after causing injury, as said Elwood Verrill well knew, to the person of one Arthur Abbott.

Said respondent was arraigned on the eighteenth day of the term being January 26th, 1920, and pleaded not guilty. After the trial, on the same day, he was found guilty by the jury.

After the judge's charge, William H. Looney, attorney for the respondent, excepted to certain parts of the charge as appears from the record as follows:

"MR. LOONEY (Passing paper to court); I have excepted to what the court said about the two words in the statute. I did not make it out completely, but you will see what I mean.

"I merely want to protect my client.

"(The paper which Mr. Looney passed to the court contained the following: "Respondent, by his counsel, objects to the meaning the word "cause" as stated by the court in his charge. Also as what is the meaning of "make himself known," W. H. Looney, attorney for respondent.)"

"The Court. Mr. Reporter, for the purpose of the record, and to preserve the rights of the respondent, the respondent excepts to that portion of the instructions in which the meaning of the word "cause" was set forth, and also to that part of the instruction in which the meaning of "make himself known" was set forth. That is the exceptions.

The charge of the Judge, as well as the evidence in the case to be made part of the exceptions, and can be referred to by either party.

To all which rulings and instructions, Elwood Verrill excepts and prays that his exceptions may be allowed."

The charge of Justice Sanborn so clearly, succinctly and correctly defines the setting and meaning of the words, to the interpretation of which the exceptions are taken, that we adopt it as the opinion of the court, as follows, to wit:

Sec. 38 of Chap. 26 of the R. S., which section, however, has been amended in other particulars, but so far as the considerations involved in this indictment are concerned it is at present as found in the Revised Statutes, reads in part: "Whoever knowingly goes away without stopping and making himself known, after causing injury to any person or property." Those are the words that set up and define the offense. "Whoever knowingly goes away without stopping and making himself known, after causing injury to any person or property." And in this connection, it is proper to say that this section is a section having to do with motor vehicles and applies only to persons in control of or operating motor vehicles.

So, it is necessary for the State to show you that this respondent, on the occasion to which the testimony relates, first, caused an injury to some person or property, and next, that after causing such injury he knowingly went away without stopping and making himself known.

Now, just a word as to the first element here—causing an injury to some person or property. The word ":cause" is a word the meaning of which is well known. It needs no elaboration and no definition. To illustrate what we mean, we may make this inquiry: According to the testimony a boy was injured, received injuries which resulted in his death—what was the cause of the injury? If you had been asked—if you were an acquaintance of the family

and were visiting at some point, some distant point, and the circumstances of this family were brought up, and suggestion was made that this boy had deceased, and you were asked what was the cause of his death—knowing what you know now from the testimony, having heard the testimony, what would you say was the cause of his death? Apply the word in the sense that you would apply it in answer to that inquiry. It does not mean, Gentlemen: Who was legally responsible for the death? This trial is not for the purpose of determining the legal liability, the civil liability, which might follow as a consequence of this injury. The word "cause" in the statute is not used in that sense, but in the ordinary sense of the word. In that ordinary sense of the word, as we ordinarily use the word, what was the cause of the death of this boy?

Having passed upon that question and finding, if you do find from the testimony here and are satisfied beyond a reasonable doubt, that the collision between the automobile and the person of the boy, the automobile being operated by this respondent, was the cause of the injury—if you so find—then pass to the question of what was the conduct of this respondent, and say whether or not the State has shown you by its testimony, and you can find beyond a reasonable doubt, that he went away without stopping and making himself known.

Those acts are not in the alternative—stopping or making himself known; he must have done both. He must have stopped and made himself known.

In the light of the testimony here in regard to the matter of stoping, perhaps instructions are unnecessary.

What was it necessary for him to do in order to make himself known? Here, again, you have a common ordinary expression, with which you are familiar. It involves no unusual words. It involves no terms with which you are unfamiliar. "To make one's self known" is to "disclose one's identity," to show or make known to some person or persons in the vicinity who one is, what his name is, and where he may be found. You are to say on the testimony here whether this respondent did in that sense make himself known.

We have a statute which requires all automobiles to be registered and all automobiles to have a registry number, and there

are laws requiring number-plates to be carried, but it would not be a compliance with this statute here, which requires the person, the operator, to make himself known, if indeed he were to have furnished some person with the number of his car; and that for the reason that the operator may not be the owner of the car, and that may not be sufficient for the purpose of ascertaining who was the person who may be wanted. So, then, it would not be a sufficient compliance with this law to furnish the number. The statute requires the person to make himself known—not to furnish information from which the owner of the automobile may be known.

This must be done knowingly. That means this: It sometimes happens that automobiles, in passing a point, even when they are not driven at an unreasonable rate of speed, may cause some injury, and the operator not be aware of it—have no knowledge or intimation that he has caused injury. If such be the case, and he goes away without stopping and making himself known, he is not violating this statute. He must be aware that there has been harm done; it must be present in his mind that there has been an injury, and then, with that in his mind, he must deliberately go away without making himself known.

Now, you are to say on the testimony which you have heard whether or not the State has satisfied you beyond a reasonable doubt that all these things were done. If any one element is missing, it is your duty to acquit. If they are all made out, and you are satisfied of the truth of all of them beyond a reasonable doubt, it is your duty to convict, and that notwithstanding your sympathy for the unfortunate situation of the young man. Nor are you to be moved to a conviction by your sympathy for the family of the unfortunate victim of this accident. We are to do our work here in the light of what we find the facts to be.

*Exceptions overruled.*