STATE OF MAINE
*vs.*
ANTHONY KOLICHE

Oxford.   Opinion, August 27, 1948.

*Robert T. Smith, County Attorney for
Oxford County,* for State of Maine.

*Theodore Gonya,* for respondent.

SITTING: STURGIS, C. J., THAXTER, MURCHIE, TOMPKINS, FELLOWS, MERRILL, JJ.

TOMPKINS, J. This case comes before the court on report, on an agreed statement and a stipulation that this court is to render judgment for the State if, under the facts stated, there has been a violation of Sec. 55 of Chap. 57 of the R. S. of this State, if not, then judgment for the respondent.

The respondent, Anthony Koliche of Mexico, in the county of Oxford was arrested upon a complaint and warrant issued from the Rumford Falls Municipal Court, in the county of Oxford, charging him with the offense of selling a quantity of intoxicating liquor, to wit, one case of Krueger ale, to Edward Joseph Bernard, a minor under the age of eighteen years. The respondent was the holder of license #277 issued by the State Liquor Commission authorizing him to sell malt liquors, not to be consumed on the premises, in the town of Mexico. To this complaint on arraignment he pleaded not guilty. He was adjudged guilty and sentenced. The respondent appealed to the November term of the Superior Court for Oxford County.

Before making the sale the respondent inquired of the said Bernard relative to his age and was advised that he was eighteen years old. Relying on that statement of the minor he made the sale in question. Bernard was on the day of the sale in fact only sixteen years of age. The respondent contends that no violation of the statute under the agreed statement of facts is shown, and therefore he should

not be adjudged guilty, because the criminal intent must be proven as a necessary element of the offense. The question presented is one of statutory construction.

The pertinent portion of Sec. 55 of Chap. 57 of the R. S. as amended by Chap. 194 of the P. L. of 1945, reads as follows: "No licensee, by himself, clerk, servant, or agent entitled to sell malt liquor not to be consumed on the premises shall sell, furnish, give or deliver such malt liquor to any person visibly intoxicated, or any insane person, to a known habitual drunkard, to any pauper, to persons of known intemperate habits, or to any minor under the age of 18 years . . . . ."

"Whoever, being a minor, misrepresents his age with intent to procure liquor shall be punished by a fine of not more than $50." This last provision was the amendment of 1945.

The fundamental rule in the construction of a statute is legislative intent. *Craughwell* v. *Mousam River Trust Co.,* 113 Me. 531; 95 A. 221. It is also a recognized rule of construction that a penal statute is to be interpreted strictly in favor of the respondent. *State* v. *Wallace,* 102 Me. 229; 66 A. 476. Although "Penal laws are to be strictly construed, they are not to be construed so strictly as to defeat the obvious intent of the Legislature." *State* v. *Cavalluzzi,* 113 Me. 41; 92 A. 937, 938; *State* v. *Bass Co.,* 104 Me. 288; 71 A. 894; 20 L. R. A., N. S. 495. To arrive at legislative intent the statute must be construed as a whole, and different sections of the same statute may be read together to ascertain legislative purpose and intent. *Rackliff* v. *Greenbush,* 93 Me. 99; 44 A. 375; *State* v. *Frederickson,* 101 Me. 37; 63 A. 535; 6 L. R. A., N. S. 186; 115 Am. St. Rep. 295; 8 Ann. Cas. 48.

The business of selling intoxicating liquors is one attended with danger to the community and especially to the young. The police power of the State is fully competent to regulate it. *State* v. *Frederickson, supra.* This the Legis-

lature has done under Chap. 57 of the R. S. It has established certain safeguards to regulate and control the sale of intoxicating liquors. Sec. 6 enumerates the powers and duties of the State Liquor Commission in issuing licenses. Among other things, subsection 7 of this section provides that in issuing a license the character of the applicant shall be considered. Subsection 9 provides that no license shall be issued to those who have been convicted of any breach of any State or Federal law relating to the manufacture, sale, etc., of intoxicating liquors. Subsection 10 provides that the Commission is to prevent the sale by licensees of wine and spirits to minors. Sec. 60, among other things, provides for revocation or suspension of the license for making sales to persons under age as prohibited by law. Sec. 55 also provides that the licensee shall not sell for consumption on the premises "To any minor under the age of 21 years."

These sections of the statute when construed in connection with that portion of Sec. 55 under consideration dispel any reasonable doubt but what it was the intent and purpose of the Legislature to absolutely prohibit the sale to minors, regardless of the intent or knowledge with which the sale was made. Intent is not an essential element of the offense charged. The statute contains no words indicative of a legislative purpose to make knowledge or intention a necessary element of the offense. The offense charged is not *malum in se* but *malum prohibitum*. No intent need be alleged or proved because the act done was prohibited absolutely. *State* v. *Huff,* 89 Me. 521; 36 A. 1000; *State* v. *Eaton,* 97 Me. 289; 54 A. 723; *State* v. *Rogers,* 95 Me. 94; 49 A. 564; 85 Am. St. Rep. 395; *Church* v. *Knowles,* 101 Me. 264; 63 A. 1042; *State* v. *Chadwick,* 119 Me. 45; 109 A. 372.

It is further urged that the amendment to the statute making the minor guilty of an offense in misrepresenting his age for the purpose of obtaining liquor is, by implication, indicative of legislative purpose to make intent a necessary element of the offense charged, and to come within

the spirit of the law the respondent must know the minor to be such when he makes the sale. The amendment does not in our opinion directly or by implication modify the statute with the violation of which this respondent is charged. It is the duty of the vendor of intoxicating liquor to determine that the person to whom the sale is made is not a *minor* before a sale can be lawfully made to the vendee. The Legislature has seen fit to place that burden upon the licensee. The amendment was designed for the protection of the licensee, not to relieve him from the consequences of his own mistake in respect to the age of the minor, but as a restraint on the minor and a punishment for such false representation. *State* v. *Gulley,* 41 Ore. 318; 70 P. 385.

The respondent through his counsel admits in his brief that the weight of authority is against his position. However, it is strenuously urged that the majority view places too heavy a responsibility, and an unreasonable one, upon the licensee to hold him liable to the penalty provided by the statute, if he makes an honest mistake in the age of the minor to whom he makes a sale of intoxicating liquor. We fully realize that it is often difficult to determine the age of the person to whom a sale of intoxicating liquor is made. In case of doubt the licensee can without harm to himself keep on the safe side.

If there is to be any relaxation of the prohibition against the sale to minors under this statute, the persons who feel themselves aggrieved by present restrictions will have to look to the Legislature and not to the court. In view of the object manifestly sought to be accomplished and the mischief to be remedied by the statute we think it unreasonable that the Legislature intended to make intent on the part of the licensee an essential element of the offense. To do so, the statute would obviously be shorn of the principal part of its operation, and might be evaded with impunity, unless it absolutely prohibited the sale.

*Judgment for the State.*