STATE OF MAINE
*vs.*
PHILIP OUELLETTE, APLT.

Aroostook.   Opinion, March 5, 1954.

*Melvin E. Anderson,* for State.

*Alfred E. LaBonty, Jr.,*
*David Solman,* for Defendant.

SITTING: MERRILL, C. J., THAXTER, FELLOWS, WILLIAMSON,
TIRRELL, WEBBER, JJ.

WILLIAMSON, J.   On exceptions.   A jury found the re-
spondent guilty of the illegal sale of malt liquor between
midnight and 2:00 A. M. on January 1, 1953, without a
license.   The respondent had a license to sell for the year
1952, but not for 1953.   Under the local option law in the
September election of 1952 the town voted that licenses of
the type held by the respondent should not be granted.   The
case is before us on exceptions to the following extract from
the charge of the presiding justice:

> "Now this statute being the statute that it is, the
> good faith of respondent, his lack of intent to vio-

late the law, if you find he had no intent, is of no consequence. The sole question is whether you are convinced beyond a reasonable doubt that a sale was made. And for the purpose of this case, I instruct you that a license to sell liquor between midnight of December 31st, and 2 A.M. of January 1, 1953, is an incident to a 1953 license; that a sale of liquor within that period is not an incident to a 1952 license; that for a sale of liquor between those times and during those hours to be legal, if you find a sale occurred, would have to be done under a 1953 license, which admittedly this respondent did not have."

The sole question is whether the respondent's license for 1952 covered the period until 2:00 A. M. on January 1, 1953. The respondent says that such was the intention of the Legislature.

We are not concerned with the intention of the respondent for "intent is not an essential element of the offense charged." *State* v. *Koliche,* 143 Me. 281, 61 A. (2nd) 115 (1948).

We comment below on the pertinent statutes:

(1)   **License to sell**—"All full-year licenses shall be issued for the license year and on a calendar year basis. . ." R. S., c. 57, § 22-F (1944) (enacted P. L., 1949, c. 85), as amended by P. L., 1951, c. 356, § 6.

(2)   **Local option**—R. S., c. 57, § 2 (1944), as amended by P. L., 1949, c. 349, § 97, and P. L., 1951, c. 356, §§ 16, 17. On a negative vote by the town licenses shall not be issued for the two calendar years next following.

(3)   **Hours of sale**—"No liquor shall be sold in this State on Sundays or on the day of holding a general election or state-wide primary, and no licensee by himself, clerk, servant or agent shall between the hours of midnight and 6 A. M. sell or deliver any liquors, except no liquors shall be

sold or delivered on Saturdays after 11:45 P. M.; **provided, however, that liquor may be sold on January 1st of any year from midnight to 2 A. M., unless January 1st falls on Sunday; . . .**" R. S., c. 57, § 22-C (1944) (enacted P. L., 1949, c. 349, § 102), as amended by P. L., 1951, c. 252. The clause emphasized was added in 1951.

We find no ambiguity or inconsistency in the statutes. The "hours of sale" statute controls the hours of sale by a licensee. It has no bearing upon the period covered by the license to sell. It is plain that the license for the calendar year 1952 ended with the old year and carried no privilege of sale into the new year. The presiding justice clearly stated the law. The entry will be:

*Exceptions overruled.*

*Judgment for the State*