**STATE of Maine**

**v.**

**Ralph A. DYER.**

Supreme Judicial Court of Maine.

April 7, 1972.

David M. Cox, County Atty., George Z. Singal, Asst. County Atty., Bangor, for plaintiff.

Ralph A. Dyer, pro se.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.

ARCHIBALD, Justice.

The defendant appeals from his conviction following a jury waived[1] trial. The complaint, based on 29 M.R.S.A. § 896,[2]

1. M.R.Crim.P., Rule 23(a) : "The defendant with the approval of the court may waive a jury trial. The waiver must be in writing."

2. "The driver of any vehicle involved in an accident resulting in . . . damage to any vehicle which is driven or attended by any person shall give his name, address and the registration number of the vehicle he is driving. . . ." Similar regulatory statutes have been held to be constitutionally valid exercise of the police power of the State. California v.

after reciting that the defendant was the driver of a motor vehicle involved in an accident in which another vehicle was damaged, alleged that the defendant "did unlawfully go away without stopping and making himself known and giving his name, address and the registration number of the vehicle he was driving."

After hearing the testimony the Justice below made a general finding of guilt. He was not requested to "find the facts specially." M.R.Crim.P., Rule 23(c).

■ The facts are brief. Robert J. Cormier parked his 1969 Opel station wagon so that a portion of it blocked a driveway leading to the defendant's place of business. On returning from a business errand Cormier observed a Ford LTD unable to leave the driveway and he started to move the station wagon forward. The Ford, driven by the defendant, then backed out of the driveway and struck the right rear fender of the Opel, causing damages estimated at $50.00. Mr. Cormier and the defendant then engaged in a verbal exchange, following which the defendant drove away. Mr. Cormier testified that the defendant did not, at any time, verbally or otherwise, give his name, his address or the registration of the vehicle he was driving.

The defendant testified:

"[I] pointed at the number plate of my car and said, 'that's my car, that's my number, that's my name, and this is my place of business. . . .'" (The name "Ralph Dyer," in gold leaf, was on the defendant's adjacent office window, facing the highway.)

■ The Justice below, obviously, accepted as true the testimony of Mr. Cormier and rejected that of the defendant. There

Byers (1971) 402 U.S. 424, 91 S.Ct. 1535, 29 L.Ed.2d 9; People v. Samuel (1971) 29 N.Y.2d 252, 327 N.Y.S.2d 321, 277 N.E.2d 381.

is nothing in the record to demonstrate that this was error. We have no right to substitute our factual conclusions for those of the Justice who saw the witnesses and heard their testimony.

■ The statute on which the complaint is founded is *malum prohibitum*. In such cases,

"[t]he doing of the prohibited act [a fortiori, the failure to do the mandated act] constitutes the crime, and the moral turpitude or the purity of the motive by which it was prompted, as well as knowledge or ignorance of its criminal character, are immaterial circumstances on the question of guilt. The only fact to be determined in such cases is whether the defendant did the act. . . . ." State v. Chadwick, (1920) 119 Me. 45, 48, 109 A. 372, 373; State v. Eaton, (1903) 97 Me. 289, 54 A. 723; State v. Huff, (1897) 89 Me. 521, 36 A. 1000. *See also* State v. Verrill, (1921) 120 Me. 41. 112 A. 673.

It is clear Section 896 unequivocally required the defendant to give his name, address, and the registration number of the vehicle. Whatever may be the motive, failure to do these things constitutes a violation of the statute.

■ The only other issue arises from the exclusion of certain testimony offered by the defendant. On cross-examination Mr. Cormier denied having testified in the District Court that he was "quite sure" it was the defendant he had talked to at the time of the accident. The defendant was asked to repeat the answer given, presumably for the purpose of proving that Mr. Cormier, in fact, did know the defendant's name. This evidence was excluded for the reason that no District Court record of this testimony existed.[3] Since the offense

3. We interpret the ruling of the Justice below to be that testimony cannot be impeached by offering proof of prior inconsistencies given before another tribun-

charged is *malum prohibitum,* whether or not Mr. Cormier, in fact, knew Mr. Dyer is immaterial. *See* Church v. Knowles, (1906) 101 Me. 264, 266–267, 63 A. 1042, 1043. Despite the fact that drivers involved in automobile accidents causing damage may know each other, the statute, without exception, clearly mandates that each "give his name, address . . . registration number . . .."

The failure of the defendant to give his name would not be obviated by Mr. Cormier's personal knowledge of it. Lest this be construed as overly technical, we suggest that it is a common experience to *know* certain people, but not to know *their names.* "What's his name" or "so and so" are common expressions, for example, indicating some knowledge of identity of the person but not of the person's name.

We note that the statute does not specifically require the information to be given to the driver or attendant of the other vehicle involved. In cases of serious accidents, for example, such communication could be impossible if the other person was unconscious. It would be a compliance with the statute, in such case, to give this information to "some person or persons in the vicinity." State v. Verrill, *supra,* 120 Me. at 44, 112 A. at 675.

Were we to modify, by interpretation, the plain statutory language by limiting the responsibility of giving the name, address, or even the registration number, only to persons who do not know them, we would emasculate the enforcibility of this statute.

We conclude that the evidence, being immaterial, was properly excluded by the Justice below, albeit for the wrong reason.

The entry is

Appeal denied.

was then stated. People v. Whitehead (1966) 35 Ill.2d 501, 221 N.E.2d 256; State v. Wendler, (Idaho 1961) 360 P.2d 697, 701; State v. Benner, (1874) 64 Me. 267, 282–288. *See* 98 C.J.S. Witnesses § 616(b) (2) (b).